1

2

3

4

District Judge Robert S Lasnik
Magistrate Judge Ricardo S. Martinez

FILED_____ENTERED
LODGED_____RECEIVED

**MAR 17 2003**   KN

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____DEPUTY

CV 03 00289 #00000009

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

VET BUOT,
Agency # A 27 290 441,

11

12             Petitioner,

              v.

13

JOHN ASHCROFT, Attorney General of the United
14  States, SEATTLE INS DISTRICT DIRECTOR, and
    the UNITED STATES IMMIGRATION AND
15  NATURALIZATION SERVICE,

16

17             Respondents

No  C03-0289L (RSM)

NOTICE OF FILING
ADMINISTRATIVE RECORD

18

19     Respondents hereby file the attached copy of Petitioner's administrative record ("A-file")

20  as provided to this office by the Seattle District Office of the Department of Homeland Security,

21  Bureau of Immigration and Customs Enforcement.

22     Dated this ︳7th day of March, 2003

23

24                              Respectfully submitted,

25                              JOHN McKAY
                               United States Attorney

26

27                              KIRSTEN M. SCHIMPFF, WSBA# 31299
                               Assistant United States Attorney

28

NOTICE OF FILING ADMINISTRATIVE RECORD - 1
C03-0289L (RSM)

ORIGINAL

1

**CERTIFICATE OF SERVICE**

2        The undersigned hereby certifies that she is an employee in the Office of the United

3    States Attorney for the Western District of Washington and is a person of such age and

4    discretion as to be competent to serve papers,

5        That on March __17th__, 2003, she caused copies of the *Notice of Filing Administrative*

6    *Record* to be served upon the individual(s) hereinafter named by placing said copies in the

7    United States mail, postage pre-paid, addressed as follows

8                               Jay W Stansell
                              Assistant Federal Public Defender
9                              1111 Third Avenue, Suite 1100
                              Seattle, WA  98101-3207
10

11        DATED this __17th__ day of March, 2003.

12

13                                    _Sheila Sowecke_

14                                    SHEILA SOWECKE,
                                     Legal Assistant
15                                    United States Attorney's Office

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF FILING ADMINISTRATIVE RECORD - 2
C03-0289L (RSM)

# Memorandum

*United States Attorney*
*Western District of Washington*



| Subject **NEW P.O.D. CASE**<br>**A-FILE DUE:** March 5, 2003<br><u>Buot Vet v. Ashcroft, et al</u><br>W.D. Wash  No  C 03-0289L (RSM)<br>INS # A 27-290-441 | Date<br>February 24, 2003 |
|---|---|

| To<br>Patrick Shen, Attorney, OIL, DOJ<br>P O  Box 878, Ben Franklin Station, NW<br>Washington, D.C.  20044-0878<br>**BY FAX TO:  (202) 616-4950**<br><br>George L. Morones<br>Assistant District Director<br>INS Detention & Deportation Section<br>815 Airport Way South<br>Seattle, WA  98134-1381<br>**BY FAX TO:  (206) 553-7218** | From<br>Lois A. Ferguson<br>Paralegal Specialist, Civil Division<br>U.S. Attorney's Office, W D. Washington<br>601 Union Street, Suite 5100<br>Seattle, WA  98101-3903<br>Tel. (206) 553-2262;  Fax (206) 553-0116 |
|---|---|

We were served with a standard-form "Post-Order Detention" habeas corpus petition in the above case on February 20, 2002.  Assistant U S  Attorney Kirsten M. Schimpff has been assigned the case.  The Court has ordered us to file our Return and Status Report, plus evidence about petitioner's "entry" and the "likelihood of removal," by March 17, 2003.  Therefore, no later than **March 5, 2003**, *please provide us copies of the following:*

* all I-213 Record(s) of Deportable Alien
* deportation/removal order (written order and transcript if available)
* all BIA decisions and orders
* all criminal conviction records available
* travel document requests and responses
* all custody review decisions
* HQ likelihood-of-repatriation decision

Please contact the assigned AUSA to discuss any potential delays in producing the records, any unusual facts of the case, whether receipt of a travel document is imminent, whether there will be a change in status soon, other specific defenses, etc.

*Also, please provide us with the petitioner's date of birth, social security number, FBI number, Washington ID number, etc.*, as soon as possible so that we may institute an NCIC check.  This information should be e-mailed to Lois Ferguson at <u>lois ferguson@usdoj.gov.</u>  Thank you.

cc Via Fax (w/Petition):
    Dorothy Stefan, INS District Counsel
    Dave McConnell, OIL

laf(16NCM--Buot Vet)INS\POD

*R-44*

03/04/2003 10:38 FAX 206 553 2? SEATTLE DEPORTATION     INS FDC     ☑001
03/03/2003 11:51 FAX                                             ☑002/003





**U.S. Department of Justice**
Immigration and Naturalization Service

*HQPDU*
*801 I Street, NW, Suite 800*
*Washington, DC 20536*

Vet Buot                                A27290441
c/o USINS Seattle District
815 Airport Way, South
Seattle, WA 98134

### Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Naturalization Service (Service) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to the Service's reviewing officials.

You are a native and citizen of Cambodia who entered the United States as refugee on November 15, 1983. You were convicted of 1st degree Assault on July 7, 1995 and sentenced to 105 months incarceration. Based on your conviction, you were ordered removed on May 13, 1996. You were turned over to the Service on October 17, 2002. The Service considers you to be a flight risk and a threat to the community and cannot grant your release under 241.4.

The government of Cambodia has signed a Memorandum of Understanding for repatriation between the United States and Cambodia. Given the recent success that the Service has had in repatriating Cambodian nationals, the Service anticipates that a travel document will be issued in the reasonably foreseeable future and your removal will be carried out as ordered.

Based on the above, you are to remain in Service custody pending your removal from the United States. You are advised that you must demonstrate that you are making reasonable efforts to comply with the order of removal, and that you are cooperating with the Service's efforts to remove you by taking whatever actions the Service requests to effect your removal. You are also advised that any willful failure or refusal on your part to make timely application in good faith for travel or other documents necessary for your departure, or any conspiracy or actions to prevent your removal or obstruct the issuance of a travel document, may subject you to criminal prosecution under 8 USC Section 1253(a).

_____          7/28/03
Signature of HQPDU Director/Designated Representative          Date
(Page 1 of 2)

R-43

**Decision to Continue Detention**                                                    Page 2
A27290441, Vet Buot

---

## PROOF OF SERVICE

**(1)      Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I ___Tony PAYombari___ , ___Deportation officer___ ,
                  Name of INS Officer                                    Title

certify that I served ___Vet Buot_____ with a copy of
                              Name of detainee

this document at ___FDC_____ on __3/4/03__ , at ___14:00___ .
                        Institution                                Date              Time

(b)    I certify that I served the custodian _____ ,
                                                        Name of Official

_____ , at _____ , on
          Title                                    Institution
_____ with a copy of this document.
          Date

                                        **OR**

**(2)      Service by certified mail, return receipt.  (Attach copy of receipt)**

       I _____ , _____ , certify
              Name of INS Officer                          Title

that I served _____ and the custodian _____ ,
                        Name of detainee                                      Name of Official

with a copy of this document by certified mail at _____ on _____ .
                                                              Institution                    Date

(✓) cc: Attorney of Record or Designated Representative
(  ) cc: A-File

R042

SEATTLE DEPORTATION         INS FDC                    ☒001



**U.S. Department of Justice**
Immigration & Naturalization Service
*Western Region, Seattle District*
*Detention and Removal Operations*

---

*815 Airport Way South*
*Seattle, WA 98134*

February 4, 2003

Vet BUOT (A27 290 441)
Federal Detention Center
P.O. Box 13900
Seattle, WA 98198

## Decision by District Director to Continue Detention
## Upon Expiration of Removal Period

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of the Immigration and Naturalization Service (INS) at this time. This decision has been made based on a review of your file and consideration of the information submitted to INS' reviewing officials in support of your application for release.

After carefully weighing the factors pertaining to your case, you will not be released from the custody of the INS because I find that you have failed to demonstrate that you will not be a danger to the community. The circumstances surrounding your conviction for Assault in the First Degree were disturbing and violent. Furthermore, you presented no written statements offering your plan of release and I note that you did not submit written or otherwise, information as to where you would reside or if you had any employment opportunities. Based on your rather vague presentation, I consider you to also be a flight risk. Having taken all factors into consideration, I am not convinced that you will abide by conditions of release from Service custody.

Control of your custody case will be transferred to the INS Headquarters Post Order Detention Unit. Your situation will be reviewed again by that unit.

*George L. Morones*
George L. Morones
Assistant District Director, Detention & Removal

Seattle, WA
(Page 1 of 2)

SEATTLE DEPORTATION          INS FDC          002

Decision to Continue Detention Upon Expiration of Removal Period
Page 2
Vet BUOT (A27 290 441)

---

## PROOF OF SERVICE

(1)    **Personal Service (Officer to complete both (a) and (b) below.)**

(a)    I _Tony Payombari_    _Deportation officer_
                 *Name & Title of INS Officer*

certify that I served _Buot Vet_ _____ with a copy
                        *Name of detainee*

of this document at _FDC_ _____ on _2/4/03_, at _16:15_.
                        *Institution*                    *Date*        *Time*

(2)    **Service by certified mail, return receipt.  (Attach copy of receipt)**

I _____, certify that I served _____
       *Name & Title of INS Officer*                              *Name of detainee*

an the custodian of records at _____
                                                  *Institution*

with a copy of this document by certified mail at on _____.
                                                          *Date*

( X ) CC: Attorney of Record or Designated Representative
( X ) CC· A-File
( X ) Docushare

**ADDRESS FURTHER CORRESPONDENCE TO:**
INS Post-Order Detention Review Unit
801 I St. NW, Suite 801
Washington, D.C.  20536

(Page 2 of 2)

Roto

# POST ORDER CUSTODY REVIEW WORKSHEET FOR FILE REVIEW AND/OR INTERVIEW

**Detainee Name.**   Vet BUOT                         **"A" Number:**   A27 290 441

**AKA's·**   BOUT, Vet                                      Misc #

**Date of Birth**   January 2, 1969                  **BOP Number·**

**Country of Birth**   Cambodia               **Citizenship:**   Cambodia

**Date of Arrival:**   November 15, 1983     **Place of Arrival:**  SFR

**Status at Entry:**   REF                 **Last Date into INS Custody·**   October 17, 2002

**Entered INS Custody from·**   ☒   **Local, State, or Federal Institution**

⬜   **Other**

**Location:**   Washington State DOC          **Institution Number:**  737154

**Deportation Officer:**   Nathalie R. Asher          **Date of Review:**   February 4, 2003

**Location Detained**   Federal Detention Center
2425 So  200th St.,  Seatac, WA  98198

## Deportation/Exclusion/Removal Proceedings

**List all Charges**   ⬜   Section 237 (a)
⬜   Section 212 (a)
☒   Section 241 (a) (2)(a)(iii)

☒   Under <u>Final Order</u> dated   May 13, 1996          by ☒ IJ  ⬜ BIA  ⬜ Other

⬜   Appeal Waived/Appeal Time Elapsed

Habeas filed   ⬜ Yes       Date & Location Filed:
☒ No.

## Legal Representative / Attorney

**G-28 Filed**   Yes ⬜   No ☒

**Notification of Interview Made·**          ☒ Yes       ⬜ N/A

by   DO                                  on:   December 17, 2002

**Name of Representative / Attorney**

**Mailing Address**                              **Phone Number:**

**Present during interview:**       ⬜ Yes   ⬜ No          Not Interviewed

Ro39

**Immigration History:**  (Prior INS arrest[s]/parole/bond/custody information)
Subject was admitted to the United States on 11/15/1983 as a refugee.  His status was adjusted to that of lawful permanent resident on 06/19/1986 as of his date of entry.  During routine jail screening, Seattle District INV encountered Subject while he was incarcerated with Washington State Department of Corrections, Shelton, WA   Due to his 07/07/1995 conviction for the offense of Assault in the First Degree, Subject was served with an Order to Show Cause before the Executive Office of Immigration Review and was consequently ordered deported to Cambodia on 05/13/1996

## Criminal History:

**Outside the United States.** UNK
**In the United States:**
07/07/1995      Assault in the First Degree      105 months incarceration

**NCIC Checks**                   ☐ Criminal History Attached            ☐ No record Found
                                        (State and Federal)

     Summary of NCIC Checks·

## Institutional / Disciplinary Record

**Did the detainee have prior Disciplinary Reports?**

☐ Yes        ☒ No

     **Source:** Our records do not contain reports in reference to his behavior in State custody.

**Disciplinary reports and Incidents while in INS Custody?**        ☐ Yes        ☒ No

     A review of his file indicates he has not been a problem for officers of the Service or detention staff.

Ro38

# Specifics of Interview

**Date of File Review:**   02/04/2003

**Date of Detainee Interview:**
(optional)
**Location of Interview:**

**Interviewing Officer:#1:**

        **#2:**

**Interpreter Used:** (if subject interviewed)   ☐ Yes   ☐ No

**Name of Interpreter:**

**Language/Dialect:**

# Discussion

N/A – File Review

**Travel Document Status/History:**

List aliens attempts to get travel documents and status:

**Describe:** No attempts on the part of the detainee.

List service attempts to get travel document and status:

**Describe:** A travel document request was sent to the Royal Embassy of Cambodia on 07/19/1996. On 08/05/1996 this office received written correspondence from this embassy, declining to issue a travel document.

NOTE: Within the last year, the government of Cambodia has conducted several interviews of its citizens awaiting removal to that country   As a result, travel documents are being issued and individuals have been returned to Cambodia.  Subject's travel document request is dated, given the change of circumstances, it is recommended that a current travel document request be sent for reconsideration

Ro37

Does the detainee have a place to live in the United States?   ☐ Yes   ☒ No

    **Address:**

**Is the detainee subject to any parole or probation requirements?**   ☒ Yes   ☐ No

    **Describe:**   24 months community supervision

**Does the detainee have close family ties within the United States?**   ☐ Yes   ☒ No

    **Describe:**

**Does the detainee have any community ties or non-governmental sponsors?** ☐ Yes ☒ No

    **Describe:**

**Does the detainee have any employment prospects?**   ☐ Yes   ☒ No

    **Describe:**

**What is the detainee's employment history?**

    **Describe:**   Unknown

**What is the detainee's educational level?**

    **Describe:**   Unknown

**Does the detainee have any vocational training?**

    **Describe:**   Unknown

## Medical/Psychological Concerns

**Medical/Psychological Report / Summary**   ☐ Attached   ☒ None   ☐ Not Available

**Date and Source:**

    The Service file does not indicate that Subject  is suffering from physical or psychological disorders

Ro36

**Other documentary evidence for consideration in this review·**

Subject was notified via personal service on 12/17/2002, that his custody status would be reviewed in the form of a file review on or about 01/15/2003  As of today's date, I have not received anything on his behalf for consideration in this review.

## Officer Comments/Analysis & Recommendation

*Other than his 1995 conviction, very little is known about BUOT  According to information in the Service file, BUOT claims to have a USC son in the Seattle area, however there is no mention of any other family members' whereabouts  It also appears that BUOT has no defined roots or equities tied to a specific area within the United States  His employment history is unknown as is his level of education  While he was given ample notice and time to prepare for this file review, BUOT did not submit any letters of support, employment prospects or personal statement for consideration*

*Although BUOT has only one criminal conviction, it is particularly violent in nature  According to the Certification for Determination of Probable Cause, BUOT struck his victim once in the head with a double-bladed axe in front of a crowd of people during a wedding reception  BUOT supposedly was angry with his victim for having "stolen" his girlfriend  BUOT continued his assault by repeatedly kicking his victim as he lay unconscious and bleeding on the floor  As a result of the attack, the victim was rushed to a nearby hospital where he was treated for an open and depressed skull fracture  When police arrived at the scene, BUOT refused to comply and repeatedly attempted to pull away from the officers  BUOT denied any wrongdoing, claimed that he carried the axe for protection and that he believed the individual wanted to fight "by the look in his eye "  BUOT was convicted for Assault in the First Degree and sentenced to 105 months incarceration and 24 months community supervision*

*At this juncture, the reviewer would offer that BUOT is both a danger to the community as well as a flight risk  The severity of his crime speaks for itself  It is unknown whether or not BUOT participated in any anger management while incarcerated  It is not possible to gauge the likelihood of him complying with the conditions of release, nothing was submitted at the time of review  BUOT's lack of participation in this process suggests an indifferent and irresponsible disposition*

*Lastly, removal to Cambodia is likely  Over the past year the government of Cambodia has issued travel documents and citizens of this country have been removed from the United States  A new travel document request should be sent for reconsideration*

*In light of the factors above, the reviewer believes that BUOT is not a candidate for release at this time*

Nathalie P Asher                    2/4/2003
_____             _____
Reviewing Officer #1                Date:

_____          _____
Reviewing Officer #2 (Optional)                    Date.



_____          _____
Supervisory Review Officer.                        Date:


════════════════════════════════════════════════════════

## CUSTODY DETERMINATION

☐  RELEASE FROM CUSTODY / ORDER OF SUPERVISION

☒  CONTINUE IN CUSTODY (REFER TO HQ'S POST ORDER DETENTION UNIT)

☐  WAIT ADDITIONAL 90 DAYS, PENDING REMOVAL.
    (Maximum 180 days, then refer to HQ PDU)

Comments    *I concur with the reviewing officer's assessment.*
*Subject remains a threat to the community. Renew T/D request ASAP.*


_____          _____
District Director or Designate   Office            /Date

R34



**U.S. Department of Justice**
Immigration and Naturalization Service
*Western Region, Seattle District*
SEADD#90/16.51

*Office of Detention & Removal*

*815 Airport Way South*
*Seattle, WA 98134*
*206-553-7915*
*Fax. 206-553-2387*

December 17, 2002

Vet BUOT (A27 290 441)
Federal Detention Center/BOP
Sea-Tac, WA

### Notice to Alien of Annual File Custody Review

You are detained in the custody of the Immigration and Naturalization Service (INS) and you are required to cooperate with the INS in effecting your removal from the United States. If the INS has not removed you from the United States within the removal period as set forth in INA 241(a) (normally 90-days) of either: 1) your entering INS custody with a final order of removal, deportation or exclusion, or 2) the date of any final order you receive while you are in INS custody, the INS District Director will review your case for consideration of release on an Order of Supervision. Release, however, is dependent on your demonstrating by "clear and convincing evidence" that you **will not** pose a danger to the community and **will not** be a significant flight risk.

Your custody status will be reviewed on or about: **January 15, 2003**. The District Director may consider, but is not limited to considering the following:

1   The nature and seriousness of your criminal convictions;
2   Other criminal history;
3   Sentence(s) imposed and time actually served;
4   History of escapes, failures to appear for judicial or other proceedings, and other defaults;
5.  Probation history;
6.  Disciplinary problems while incarcerated;
7   Evidence of rehabilitative effort or recidivism;
8   Equities in the United States;
9   Prior immigration violations and history; and
10. Cooperation in obtaining your travel document.

You may submit any documentation you wish to be reviewed in support of your release, prior to the date listed above, to the attention of the Officer and address below. English translations must be provided pursuant to 8 CFR 103.2(b)(3). An attorney or other person may submit materials on your behalf.

U.S. Department of Justice
**Immigration and Naturalization Service**
Attn: Post Order Custody Review Unit
P.O. Box 3222
Seattle, WA 98114

(Page 1 of 2)

*R∂33*

Page 2
Notice to Alien of File Custody Review
Vet BUOT (A27 290 441)

## METHOD OF SERVICE

I certify that this form was provided to the alien by:
(✓) CC: Attorney of Record or Designated Representative
(✓) CC· A-file

(Hand)                              (Institution Mail)

_____     Tony  Payombari       12/17/02
Signature of Officer         Print Name of Officer      Date

(Page 2 of 2)

Ro32

**FedEx** Express — USA Airbill    8272 5030 2043    0215

**1 From** Please print and press hard.
Date 2/ /03    Sender's FedEx Account Number

Sender's Name _____   Phone ( )

Company  Consulate General of Cambodia

Address  4500  16th  Street  NW

City  Washington    State  DC    ZIP  20011

**2 Your Internal Billing Reference** First 24 characters will appear on invoice.  27-290-441

**3 To**
Recipient's Name  SEA-DRO-DupSiv    Phone (206) 553-5948

Company  IMMIGRATION & NATURALIZATION

Address  815 AIRPORT WAY S RM 314
To HOLD at FedEx location, print FedEx address.    We cannot deliver to P.O. boxes or P.O. ZIP codes.

City  SEATTLE    State  WA    ZIP  98134

Questions? Visit our Web site at fedex.com
or call 1 800 Go FedEx (800)463-3339
By using this Airbill you agree to the service conditions on the back of this Airbill and in our current Service Guide, including terms that limit our liability.

0177787557

**4a Express Package Service**    Packages up to 150 lbs.
- [X] FedEx Priority Overnight
- [ ] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b Express Freight Service**    Packages over 150 lbs.
- [ ] FedEx 1Day Freight*
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5 Packaging**    Declared value limit $500
- [X] FedEx Envelope*
- [ ] FedEx Pak*
- [ ] Other Pkg

**6 Special Handling**    Include FedEx address in Section 3
- [ ] SATURDAY Delivery
- [ ] SUNDAY Delivery
- [ ] HOLD Weekday
- [ ] HOLD Saturday

Does this shipment contain dangerous goods?
- [X] No
- [ ] Yes (as per attached Shipper's Declaration)
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

**7 Payment** Bill to
- [X] Sender Acct. No. in Section 1 will be billed
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

FedEx Acct. No./Credit Card No.  1426-0735-2

Total Packages    Total Weight    Total Declared Value†
$    .00

**8 Release Signature** Sign to authorize delivery without obtaining signature.

406

---

**FedEx** Express — USA Airbill    FedEx Tracking Number   8385 0535 0298    0215

**1 From** Please print and press hard.
Date 2/11/03    Sender's FedEx Account Number  1426-0735-2

Sender's Name  SEA-D Ro-DupSiv    Phone ( )

Company  IMIGRATION & NATRALIZATION SVC

Address  815 AIRPORT WAY S

City  SEATTLE    State  WA    ZIP  98134-1310

**2 Your Internal Billing Reference** First 24 characters will appear on invoice.  27-290-41

**3 To**
Recipient's Name _____   Phone ( )

Company  Consulate General of Cambodia

Address  4500  16th  street  Nw
To HOLD at FedEx location, print FedEx address.    We cannot deliver to P.O. boxes or P.O. ZIP codes.

Address _____

City  Washington    State  DC    ZIP  20011

Try online shipping at fedex.com

By using this Airbill you agree to the service conditions on the back of this Airbill and in our current Service Guide, including terms that limit our liability.
Questions? Visit our Web site at fedex.com
or call 1 800 Go FedEx 800 463 3339

Ro31
0234910267

**4a Express Package Service**    Packages up to 150 lbs.
- [X] FedEx Priority Overnight
- [ ] FedEx Standard Overnight
- [ ] FedEx First Overnight
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**4b Express Freight Service**    Packages over 150 lbs.
- [X] FedEx 1Day Freight*
- [ ] FedEx 2Day Freight
- [ ] FedEx 3Day Freight

**5 Packaging**    Declared value limit $500
- [X] FedEx Envelope*
- [ ] FedEx Pak*
- [ ] Other

**6 Special Handling**
- [ ] SATURDAY Delivery
- [ ] HOLD Weekday
- [ ] HOLD Saturday

Does this shipment contain dangerous goods?
- [X] No
- [ ] Yes (as per attached Shipper's Declaration)
- [ ] Yes (Shipper's Declaration not required)
- [ ] Dry Ice
- [ ] Cargo Aircraft Only

**7 Payment** Bill to.
- [X] Sender Acct. No. in Section 1 will be billed
- [ ] Recipient
- [ ] Third Party
- [ ] Credit Card
- [ ] Cash/Check

FedEx Acct. No./Credit Card No. _____

Total Packages    Total Weight    Total Declared Value†
$    .00

**8 Release Signature** Sign to authorize delivery without obtaining signature.

447



**U.S. Department of Justice**
Immigration and Naturalization Service
*Western Region, Seattle District*

---

*Office of Detention & Removal Operations*

*815 Airport Way South*
*Seattle, WA 98134*
*(206) 553-5948/7915*
*Fax (206) 553-2387*

February 7, 2003

Consulate General of Cambodia
4500 16th Street NW
Washington, DC 20011

Dear Consulate General

BUOT, Vet, A27 290 441, a native and citizen of Cambodia, is in the custody of the Immigration and Naturalization Service He is under removal proceedings, and has been ordered removed from the United States by the Immigration Judge Therefore, it is respectfully requested that a travel document be issued to facilitate his return to Cambodia

The attached are documents that your office requires. Your expeditious handling of this matter of mutual interest is greatly appreciated We have included a return FedEx airbill and envelop for your convenience

If additional information is needed, please call Deportation Officer Thomas Giles, William Penaloza or Nathalie Asher at the numbers given above

Thank you for your assistance in this matter

Sincerely,

George L. Morones T-6

George L Morones
Assistant District Director,
Detention & Removal Operations

R-30



**U.S. Department of Justice**
Immigration and Naturalization Service
*Western Region, Seattle District*

---

*Office of Detention & Removal Operations*

*815 Airport Way South*
*Seattle, WA 98134*
*(206) 553-5948/7915*
*Fax  (206) 553-2387*

February 7, 2003

Consulate General of Cambodia
4500 16th Street NW
Washington, DC 20011

Dear Consulate General:

I, Thomas P Giles, certify that on this date, the enclosed are true and correct copies of all original documents, including, but not limited to, cedula, passport, and identification cards

Sincerely,

Thomas P Giles
Deportation Officer

R029

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Seattle, Washington

File No.:  A 27 290 441                    May 13, 1996

In the Matter of             )         ORDER RE
                             )   DEPORTATION PROCEEDINGS
VET BUOT,                     )
                             )
            Respondent        )


CHARGE:        Section 241(a)(02)(A)(iii), I&N Act [8 U.S.C.
               Section 1251(a)(2)(A)(iii)] conviction of an
               aggravated felony

APPLICATION:   Section 212(c), Waiver of Excludability


IN BEHALF OF RESPONDENT:              IN BEHALF OF INS:

Vet Buot, Pro Per                     Gregory E. Fehlings, Esq.
                                      P.O. Box 3324
                                      Seattle, WA 98114


### ORDER OF THE IMMIGRATION JUDGE

Respondent entered the United States as a refugee at or near
San Francisco, California on or about November 15, 1983.  On June
19, 1986, respondent adjusted to a permanent resident as of
November 15, 1983.  The Immigration and Naturalization Service
(hereinafter "INS") issued an Order to Show Cause (hereinafter
"OSC") on July 25, 1995,  charging Respondent with deportability
pursuant to Section 241(a)(02)(A)(iii) of the Immigration and
Nationality Act (hereinafter "The Act"), for an aggravated felony.
(Exhibit 1)

On July 7, 1995, the respondent was convicted in the State of

R-28

## ORDER

IT IS HEREBY ORDERED that the Respondent's request to file an application for a waiver under Section 212(c) be pretermitted.

IT IS FURTHER ORDERED that respondent be *deported from the United States to Cambodia* on the charge set forth in the Order to Show Cause.

ANNA HO
Immigration Judge

6

Ro27

**U.S. Department of Justice**
Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

# ORDER TO SHOW CAUSE AND NOTICE OF HEARING
## (ORDEN DE PRESENTAR MOTIVOS JUSTIFICANTES Y AVISO DE AUDIENCIA)

In Deportation Proceedings under section 242 of the Immigration and Nationality Act
*(En los tramites de deportacion a tenor de la seccion 242 de la Ley de Inmigracion y Nacionalidad )*

| | |
|---|---|
| **United States of America:**<br>**(Estados Unidos de América·)** | **File No.** __A27 290 441__<br>*(No. de registro)* |
| | **Dated** __July 25, 1995__<br>**(Fechada)** |

In the matter of
*(En el asunto de)*
Address
*(Direccion)*

BUOT, Vet
(aka) BOUT, Vet (DOC #737154)          (Respondent)
c/o  Washington State Corrections Center   *(Demandado)*
     Post Office Box 900

         Shelton, WA.  98584

Telephone No (Area Code)     (360) 426-4433
*(No  de telefono y codigo de area)*

Upon inquiry conducted by the Immigration and Naturalization Service, it is alleged that
*(Segun las indagaciones realizadas por el Servicio de Inmigracion y Naturalizacion, se alega que )*

1) You are not a citizen or national of the United States,
   *(Ud  no es ciudadano o nacional de los Estados Unidos)*

2) You are a native of __Cambodia__ _____ and a citizen of __Cambodia__ ,
   *(Ud  es nativo de)*                       *(y ciudadano de)*      (15 de Noviembre, 1983)

3) You entered the United States at or near San Francisco, California on or about November 15, 1983 ,
   *(Ud  entro a los Estados Unidos en o cerca de)*          *(el dia o hacia esa fecha)*

4) At that time you entered as a refugee.
   (En ese momento Ud. entro como un refugiado.)

5) On June 19, 1986, you were accorded the status of a permanent resident as of November 15, 1983.
   (En el 19 de Junio, 1986, Ud. fue acuerdado estados como un residente permanente desde el 15 de Noviembre, 1983.)

6) You were on July 7, 1995, convicted in the Superior Court of Washington for King County, for the offense of Assault in the First Degree.
   (Ud. resulto convicto el 7 de Julio, 1995, en el Tribunal Superior de Washington, Condado de King, por el delito de Asalto en el Primer Grado.)

7) For that offense, the term of imprisonment imposed was 105 months.
   (Por ese delito, el termino de confinamiento impuesto fue de 105 meses.)

Form I 221 (Rev 6/12/92) N

Page 1

Ro26

**U.S. Department of Justice**
Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

|  | Dated *(Fechada)* | July 25, 1995 |
| --- | --- | --- |

Respondent  BUOT, Vet
*(Demandado)*  (aka) BOUT, Vet (DOC #737154)

File No  A27 290 441
*(No de registro)*

**AND** on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the following provision(s) of law

*(Y segun los alegatos anteriores, se le acusa de estar sujeto a deportacion de acuerdo con la(s) siguiente(s) disposicion(es) de la ley )*

1)  Section 241 (a) (2) (A) (iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after entry, you have been convicted of an aggravated felony as defined in Section 101 (a) (43) of the Act, to wit: a crime of violence (as defined in Section 16 of Title 18, United States Code, not including a purely political offense), for which a term of imprisonment imposed was five years or more.
(Seccion 241 (a) (2) (A) (iii) de la Ley de Inmigracion y Nacionalidad (INA), segun enmendada, en que, en algun momento despues de su entrada, Ud. ha resultado convicto de un felonia agravada, segun se define en la Seccion 101 (a) (43) de la INA, a saber: un delito de violencia (segun se define en la Seccion 16 del Titulo 18, Codigo de los Estados Unidos, que no incluye un delito puramente politico), por el cual fue impuesto un termino de confinamiento de cinco anos o mas.)

**WHEREFORE, YOU ARE ORDERED** to appear for a hearing before an Immigration Judge of the Executive Office for Immigration Review of the United States Department of Justice at

*(POR LO CUAL, SE LE ORDENA comparecer ante un juez de inmigracion de la Oficina Ejecutiva de Revision de Inmigracion del Departamento de Justicia de los Estados Unidos en )*

Address   To be calendared and notice provided by the Office of the Immigration Judge.
Notice will be mailed to the address provided by the Respondent.

*(Direccion)*  (La oficina del juez de inmigracion enviara un aviso a la direccion facilitada
On  el demandado con la fecha de la audiencia.)           At                              m
*(Fecha)*                                                                *(Hora)*

and show cause why you should not be deported from the United States on the charge(s) set forth above
*(y mostrar motivos justificantes por cual no deberia ser deportado de los Estados Unidos por los cargos expresados anteriormente )*

| Dated   July 25, 1995 | Signature of Issuing Officer |
| --- | --- |
| *(Fechada)* | *(Firma del funcionario que la expide)* |

| City and State of Issuance Seattle, Washington | Title of Issuing Officer   District Director |
| --- | --- |
| *(Ciudad y Estado donde se expide)* | *(Titulo del funcionario que la expide)* |

Form I 221 (Rev 6/12/92) N

R025

This Order to Show Cause shall be filed with the Immigration Judge of the Executive Office for Immigration Review at the address provided below  You must report any changes of your address or telephone number in writing to this office

Debe presentar esta Orden de Presentar Motivos Justificantes a la Oficina Ejecutiva de Revision de Inmigración en la siguiente dirección.  Debe notificar cualquier cambio de su domicilio o número de telefono por escrito a

### The Office of the Immigration Judge

## 1000 Second Avenue Suite 3150

## Seattle, Wa. 98104

### Certificate of Translation and Oral Notice

This Order to Show Cause ☐ was   ☒ was not   read to the named alien in the _____SPANISH_____ language, which is his/her native language or a language which he/she understands

| | | |
|---|---|---|
| Date | Signature | Printed Name and Title of Translator |

Address of Translator (If other than INS employee) or office location and division (if INS employee)

BY CERTIFIED MAIL
(If oral notice was not provided please explain)

| **Manner of Service** | Alien's Right Thumb Print |
|---|---|
| ☐ Personal Service to Alien | |
| ☒ Certified Mail - Return Receipt Requested | |
| ☒ Alien | |
| ☐ Counsel of Record | |

### Certificate of Service

This Order to Show Cause was served by me at _____ on _____September 01,_____ 19 _95_
at _____ m.

| | | | |
|---|---|---|---|
| Officer's Signature | Mary Whitney<br>Printed Name | Investigation Assistant<br>Title | Seattle, WA<br>Office |

Alien's Signature (acknowledgment/receipt of this form)
(Firma de extranjero/acuse de recibo)

### Request for Prompt Hearing and Waiver of 14-Day Minimum Period
### (Solicitud de audiencia inmediata y renuncia al plazo minimo de 14 dias)

To expedite determination of my case, I request an immediate hearing, and waive my right to the 14 day notice.
(Para agilizar la decisión sobre mi caso, solicito una audiencia inmediata y renuncio a mi derecho a un plazo minimo de 14 dias )

| | |
|---|---|
| Signature of Respondent<br>(Firma de demandado) | Date<br>(Fecha) |

Form I-221 (Rev 6/12/92) N

R𝜊24

Page 5



R.23

U.S. Department of Justice
Immigration and Naturalization Service

**Application for Advance Permission to Return to Unrelinquished Domicile**

OMB No. 1115 0032

(See instructions on reverse Please typewrite or print plainly in ink)

FEE STAMP

Free Waived Kennett
Jorgenson I J 12-7-95

Alien Registration No   A27-290-441

Date   Jan, 3, 96

(1) I hereby apply for permission to return to the United States under the authority contained in Section 212(c) of the Immigration and Nationality Act

| MY NAME IS (First) | (Middle) | (Last) |
|---|---|---|
| VET | S | BUOT |

| DATE OF BIRTH (Month, day, year) | PLACE OF BIRTH (City, province, country) | I AM A CITIZEN OF (Country) |
|---|---|---|
| 2-1-69 | Cambodia | Cambodia |

PRESENT ADDRESS (Street and number, apt no , city, state, country)
P.O. Box 520, Walla Walla, WA, 99362  U.S.A

(2) I was lawfully admitted to the United States for permanent residence at:

| PORT: SAN FRANCISCO, CA | DATE (Month, day, year) 11-15-83 | NAME OF VESSEL OR OTHER MEANS OF CONVEYANCE (AiRplane) |
|---|---|---|

(3) Since that admission I have departed from and reentered the United States as follows.

| DEPARTED FROM THE UNITED STATES | | | RETURNED TO THE UNITED STATES | | | PURPOSE OF TRIP |
|---|---|---|---|---|---|---|
| Port | Date (Month, day, year) | Vessel or Other Means of Conveyance | Port | Date (Month, day, year) | Vessel or Other Means of Conveyance | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

(4) During the past 7 years I have resided at the following places  (List present address first)

| (Complete Address - Include Apt. No ) | | | | From - | To - |
|---|---|---|---|---|---|
| P.O. Box 520 | Walla Walla | WA 99362 | | Sept 1995 | Present time |
| 45 Front St | Raymond | WA 98577 | | May 1987 | Sept 1995 |
| | | | | 19 | 19 |
| | | | | 19 | 19 |

(5) During the past 7 years I have been employed as follows  (List present employment first)

| From - | To - | Employer's Name | Address | Occupation or Type of Business |
|---|---|---|---|---|
| BEGINNING 95 | | | | |
| Feb. 1992 | Dec. 1994 | Mr. Robert Blaer | P.O. Box 520 Walla Walla WA | wire manufacturing |
| Jan. 1990 | Feb. 1992 | E Scott ? | 35 NF Renton, WA | Bv maintenance |
| July 1987 | Dec. 1990 | lot lost ? | 41 Allen St. Elma WA | EverGreen |
| | 19 | | | |

(6) My immediate family consists of the following persons:

| Name | Relation | Date and Country of Birth | Citizen of | Present Address |
|---|---|---|---|---|
| I do not know any family members names because I was separated at age 7 | | | | |
| Angelina Seline Vet | daughter | Oct. 7, 1992, USA | USA | 13205, 135 Ave NE #G Kirland WA 98034 |
| | | | | |
| | | | | |

(7) I _____ depart(ed) temporarily from the United States on or about _____ and will remain
(Intend to or have)                                                        (Date)

in _____ approximately _____ , for the purpose of
(Country)                          (Length of Time)

_____ , and expect to apply for admission at _____
(Port)

I do not want to leave the USA

| RECEIVED | TRANS IN | RET'D-TRANS OUT | COMPLETED |
|---|---|---|---|
| | | | |

rm I-191 (Rev 04/11/91) Y

R622

8) I believe I may be inadmissible to the United States for the following reasons

he mother of my daughter cheated on me in 1995, and I was upset and
ntoxicated and I got into a fight with her new lover. I was charged with 1st
degree assault and am serving time in the WA State Penitentiary. I need to
live in the USA to be with my daughter because she needs her father.

I understand that the information herein contained may be used in any criminal or civil proceedings, including deportation or exclusion, hereafter nstituted against me

I certify that the statements above are true and correct to the best of my knowledge and belief.

(Signature of Applicant)

## SIGNATURE OF PERSON PREPARING FORM, IF OTHER THAN APPLICANT

I declare that this document was prepared by me at the request of the applicant and is based on all information of which I have any knowledge

| (Signature) | (Address) | (Date) |
|---|---|---|

Decision.

☐ Application granted upon the following terms and conditions

DATE
OF
ACTION
DD

DISTRICT

## INSTRUCTIONS TO THE APPLICANT

### READ INSTRUCTIONS CAREFULLY - FEE WILL NOT BE REFUNDED

(A) This form when completely executed, should be submitted to the District Director of the Immigration office having jurisdiction over your place of permanent residence.

(B) A fee of ninety dollars ($90) must be paid for filing this application It cannot be refunded regardless of the action taken on the application. DO NOT MAIL CASH. ALL FEES MUST BE SUBMITTED IN THE EXACT AMOUNT Payment by check or money order must be drawn on a bank or other institution located in the United States and be payable in United States currency If applicant resides in Guam, check or money order must be payable to the "Treasurer, Guam " If Applicant resides in the Virgin Islands, check or money order must be payable to the "Commissioner of Finance of the Virgin Islands " All other applicants must make the check or money order payable to the "Immigration and Naturalization Service." When check is drawn on account of a person other than the applicant, the name of the applicant must be entered on the face of the check. If application is submitted from outside the United States, remittance may be made by bank international money order or foreign draft drawn on a financial institution in the United States and payable to the Immigration and Naturalization Service in United States currency Personal checks are accepted subject to collectibility An uncollectible check will render the application and any document issued pursuant thereto invalid A charge of $5.00 will be imposed if a check in payment of a fee is not honored by the bank on which it is drawn.

(C) If the space provided in the form is insufficient to answer a question fully, you should attach a sheet of paper containing your answer which should be numbered to correspond with the question.

(D) In Part (3) where absences have been numerous as a resident alien border crosser or as a seaman it will be sufficient to give the approximate number of such absences and the years covered thereby

(E) List specifically and in detail your reasons for possible inadmissibility For example, if application is made because the applicant may be inadmissible due to conviction of crime, the designation of the crime, the date and place of its commission and of conviction therefor, and the sentence or other judgement of the court shall be stated in the application. In the case of disease, mental or physical defect or other disability, give exact description, duration thereof and date and place last treated.

(F) If applicant is mentally incompetent or is under 14 years of age, the application shall be executed by his parent or guardian.

The authority for collection of the information requested on this form is contained in 8 U.S C. 1103(a). Submission of the information is voluntary. The principal purpose for which the information is solicited is for use by a District Director of the Immigration and Naturalization Service to determine whether the applicant is eligible for advance permission to return to an unrelinquished domicile pursuant to the provisions of section 212(c) of the Immigration and Nationality Act, 8 U.S C 1182(c). The information solicited may also, as a matter of routine use, be disclosed to other federal, state, local, and foreign law enforcement and regulatory agencies, the Department of Defense including any component thereof (if the applicant has served, or is serving in the Armed Forces of the United States), the Department of State, Central Intelligence Agency, Interpol, and individuals and organizations, during the course of investigation to elicit further information required by the Service to carry out its functions Failure to provide any or all of the solicited information may result in the denial of the application.

R521

U.S Department of Justice
Immigration and Naturalization Service

**BIOGRAPHIC INFORMATION**

OMB No 1115-0066

| (Family name) Buot | (First name) VET | (Middle name) S | ☒ MALE ☐ FEMALE | BIRTHDATE (Mo -Day-Yr) 02-01-69 | NATIONALITY Cambodia | FILE NUMBER A |
|---|---|---|---|---|---|---|

ALL OTHER NAMES USED (Including names by previous marriages)
Bout

CITY AND COUNTRY OF BIRTH
Cambodia

SOCIAL SECURITY NO (If any) 560-77-844

| | FAMILY NAME | FIRST NAME | DATE, CITY AND COUNTRY OF BIRTH (If known) | CITY AND COUNTRY OF RESIDENCE |
|---|---|---|---|---|
| FATHER | I Know nothing about my family. I was an orphan. | | | |
| MOTHER (Maiden name) | | | | |

| HUSBAND (If none so state) OR WIFE N/A | FAMILY NAME (For wife, give maiden name) | FIRST NAME | BIRTHDATE | CITY & COUNTRY OF BIRTH | DATE OF MARRIAGE | PLACE OF MARRIAGE |
|---|---|---|---|---|---|---|

| FORMER HUSBANDS OR WIVES (If none so state) FAMILY NAME (For wife, give maiden name) N/A | FIRST NAME | BIRTHDATE | DATE & PLACE OF MARRIAGE | DATE AND PLACE OF TERMINATION OF MARRIAGE |
|---|---|---|---|---|

APPLICANT'S RESIDENCE LAST FIVE YEARS LIST PRESENT ADDRESS FIRST

| STREET AND NUMBER | CITY | PROVINCE OR STATE | COUNTRY | FROM MONTH | YEAR | TO MONTH | YEAR |
|---|---|---|---|---|---|---|---|
| W3-P PO Box 520 | Walla Walla | W-A | USA | Sept | 95 | PRESENT TIME | |
| 45 Front St | Raymond | W-A | U.S.A | May | 87 | May | 95 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

APPLICANT'S LAST ADDRESS OUTSIDE THE UNITED STATES OF MORE THAN ONE YEAR

| STREET AND NUMBER | CITY | PROVINCE OR STATE | COUNTRY | FROM MONTH | YEAR | TO MONTH | YEAR |
|---|---|---|---|---|---|---|---|
| I don't Know | | Cambodia | | February | 1969 | November | 1985 |

APPLICANT'S EMPLOYMENT LAST FIVE YEARS (IF NONE, SO STATE) LIST PRESENT EMPLOYMENT FIRST

| FULL NAME AND ADDRESS OF EMPLOYER | OCCUPATION (SPECIFY) | FROM MONTH | YEAR | TO MONTH | YEAR |
|---|---|---|---|---|---|
| W-S P.O. Box 520 Walla Walla WA | | Nov | 95 | PRESENT TIME | |
| RayBert Blake Woodvill WA | | Feb | 92 | Dec | 94 |
| Blake 35 NE Relon WA | | Jan | 91 | Feb | 92 |
| Scott lot lort 41 Allen Elma, WA | | June | 87 | Dec | 90 |
| *Show below last occupation abroad if not shown above (Include all information requested above )* | | | | | |

| THIS FORM IS SUBMITTED IN CONNECTION WITH APPLICATION FOR: ☐ NATURALIZATION ☐ OTHER (SPECIFY) ☐ STATUS AS PERMANENT RESIDENT Are all copies legible? ☒ Yes | SIGNATURE OF APPLICANT | DATE Jan, 3, 96 |
|---|---|---|

IF YOUR NATIVE ALPHABET IS IN OTHER THAN ROMAN LETTERS WRITE YOUR NAME IN YOUR NATIVE ALPHABET IN THIS SPACE

PENALTIES SEVERE PENALTIES ARE PROVIDED BY LAW FOR KNOWINGLY AND WILLFULLY FALSIFYING OR CONCEALING A MATERIAL FACT.

# APPLICANT:

BE SURE TO PUT YOUR **NAME** AND **ALIEN REGISTRATION** NUMBER IN THE BOX OUTLINED BY HEAVY BORDER BELOW.

| COMPLETE THIS BOX (Family name) Buot | (Given name) VET | (Middle name) S | (Alien registration number) A27-290-441 |
|---|---|---|---|

Form G-325 (Rev 10-1-82) Y

(1) Ident. Ro20

11169

2231919

-2231 STATE OF WASHINGTON,

N8UC

#2

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

|  |  |
|---|---|
| STATE OF WASHINGTON,<br>            Plaintiff,<br><br>            V.<br><br>VET BOUT<br><br>            Defendant. | NO.   95-1-03640-2<br><br>FELONY WARRANT OF COMMITMENT<br><br>1. ( ) COUNTY JAIL<br>2. (XX) DEPARTMENT OF CORRECTIONS<br>3. ( ) OTHER - CUSTODY<br>4. ( ) WESTERN STATE HOSPTIAL<br>            Sexual Offender) |

THE STATE OF WASHINGTON TO THE DIRECTOR OF ADULT DETENTION OF KING COUNTY

WHEREAS, Judgment has been pronounced against the defendant in the Superior Court of the State of Washington for the County of King, that the defendant be punished as specified in the Judgment and Sentence/XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX CXXXXXXXXXXXXXXXXXXXXXX a full true and correct copy of which is attached hereto.

( ) 1. YOU, THE DIRECTOR, ARE COMMANDED to receive the defendant for classification, confinement and placement as ordered in the Judgment and Sentence. (Sentence of confinement in King County Jail; or pursuant to RCW 9.94A.190(3), if the defendant is committed or returned for incarceration in a state facility or another felony, take and deliver the defendant to the proper officers of the Department of Corrections.)

(X) 2. YOU, THE DIRECTOR, ARE COMMANDED to take and deliver the defendant to the proper officers of the Department of Corrections; and

YOU, THE PROPER OFFICERS OF THE DEPARTMENT OF CORRECTIONS, ARE COMMANDED to receive the defendant for classification, confinement and placement as ordered in the Judgment and Sentence. (Sentence of confinement in Department of Corrections custody.)

( ) 3. YOU, THE DIRECTOR, ARE COMMANDED to receive the defendant for classification, confinement and placement as ordred in the Judgment and Sentence. (Sentence of confinement or placement not covered by Sections 1 and 2 above and 4 below.)

( ) 4. The defendant is committed for up to thirty (30) DAYS evaluation at Western State Hospital to determine amenability to sexual offender treatment.

YOU, THE DIRECTOR, ARE COMMANDED to take and deliver the defendant to the proper officers of the State pending delivery to the proper officers of the Department of Social and Health Services.

YOU, THE PROPER OFFICERS OF THE SECRETARY OF THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, ARE COMMANDED to receive the defendant for evaluation as ordered in the Judgment and Sentence.

By direction of the Honorable

Dated: July 10, 1995

RICHARD M. ISHIKAWA
                    Judge
          M. JANICE MICHELS

                    Clerk
By:

          Deputy Clerk

R=19

# RECORD OF DEPORTABLE ALIEN

(See A M — 2790 31  34 for Instructions)

| Family Name (Capital Letters) | Given Name | Middle Name | | Sex | Hair | Eyes | Complexion |
|---|---|---|---|---|---|---|---|
| BUOT, Vet (aka) BOUT, Vet (DOC #737154) | | | PLEASE TYPEWRITE OR PRINT IN BLOCK CAPITAL LETTERS | M | blk | brn | med |

| Country of Citizenship | Passport Number and Country of Issue | File Number | | Height | Weight | Occupation |
|---|---|---|---|---|---|---|
| CAMBODIA | None | A27 290 441 | | 67 | 120 | labor |

| U S Address  telephone#(360) 426-4433 | | | | Scars or Marks |
|---|---|---|---|---|
| (Number and Street) 98584(City) (State) (Zip Code) | | | | 1" scar at left elbow |
| c/o Washington State Corrections Center, POB 900, Shelton, WA. | | | | |

| Date Place Time Manner of Last Entry | | Passenger Boarded At | F B I No | Marital Status |
|---|---|---|---|---|
| 1983, SFR, refugee          (air) | | unknown | 547 127 WA6 | ☐ Widow(er) ☒ Single ☐ Married ☐ Separated ☐ Divorced |

| Number Street City Province (State) and Country of Permanent Residence (LPR in USA) | Method of Location/Apprehension |
|---|---|
| 45 Front Street, Raymond, WA., USA | 511.2.2 |

| Birthdate | Date of Action | Location Code | (At/Near) | Date & Hour |
|---|---|---|---|---|
| 2-1-69       (26) | 7-11-95 | SEA | Shelton, WA. | 7-11-95 1535 |

| City Province (State) and Country of Birth | AR Form (Type & No ) | | By |
|---|---|---|---|
| Battambang, CAMBODIA | XX  N/A | ☐ Lifted ☐ Not Lifted | Protteau |

| Visa Issued At—NIV No | Social Security Account Name | Status at Entry | Status When Found |
|---|---|---|---|
| N/A | Vet BUOT | (Refugee) Immigrant | In Institution |

| Date Visa Issued | Social Security No | Send C O Rec Check To | Length of Time Illegally in U S |
|---|---|---|---|
| N/A | 560 77 8441 | SEA | 4 to 30 Days |

| Immigration Record | Criminal Record No prior history other than Assault 1 |
|---|---|
| No prior history of adverse actions... | conviction, on 7--95, at King Co., WA.. Sentence imposed was 105 months confinement... |

| Name  Address  and Nationality of Spouse (Maiden Name  if appropriate) | Number & Nationality of minor Children |
|---|---|
| Not Married | 1 - USC |

| Father's Name and Nationality and Address if Known | Mother's Present and Maiden Names, Nationality and Address if Known |
|---|---|
| unknown | Som BUOT  (Cambodia)  deceased |

| Monies Due/Property in U S  Not in Immediate Possession | Fingerprinted | Lookout Book Checked | Deportation Charge(s) (Code Words) |
|---|---|---|---|
| ☒ None Claimed  ☐ See Form 1 43 | ☒ Yes ☐ No | ☒ Not Listed  ☐ Listed  Code | D2A3 |

| Name and Address of (Last) (Current) U S Employer | Type of Employment | Salary | From | To |
|---|---|---|---|---|
| Claimed none & none known... | N/A | $ N/A hr | N/A | N/A |

Narrative (Outline particulars under which alien located/apprehended   Include details  not shown above  re time  place  manner of last entry  and elements which establish administrative/Order criminal violation   Indicate means  and  route of travel  re interior  Alien has been  advised  of  communication  privileges  pursuant to B CFR 242 2(e) Initial _____ Date  7-11-95  Advised of I-214 rights in English; Furnished legal services form.

On Tuesday - July 11, 1995, SUBJECT was encountered in receiving at the Washington State Corrections Center, Shelton, WA.  SUBJECT stated that he was a native and citizen of Cambodia; that he had lawful permanent resident (LPR) status in the USA for the past 13 years; and, that his last and only USA entry was in 1983, at San Francisco, CA., when SUBJECT traveled to the United States, via commercial airliner, and was granted entry as a refugee.  Later, when I reviewed SUBJECT's "A" file, #A27 290 441, I found that SUBJECT is a native and citizen of Cambodia, and that SUBJECT was, in fact, admitted to the United States, on November 15, 1983, at San Francisco, CA., as a refugee.  A review of SUBJECT's "A" file also revealed that, on June 19, 1986, SUBJECT was accorded the status of a LPR as of November 15, 1983.  SUBJECT has neither applied for, nor has he received, United States citizenship.  SUBJECT has not served in the United States armed forces.

SUBJECT acknowledged that he was arrested by the police, on or about May 14, 1995, at Seattle, WA.  Resulting from that arrest, SUBJECT was convicted on July 7, 1995, in the Superior Court of Washington for King County, for the offense of Assault in the First Degree. Although a special verdict/finding was not made (as part of the conviction record) that SUBJECT was armed with a deadly weapon, my review of court papers resulted in finding that SUBJECT had committed the assault, on the head of the victim, by striking the victim with a double-bladed axe.  SUBJECT was sentenced to 105 months confinement.  Copies of conviction documents were provided by WCC Shelton, to this investigator and have been _____ Ronald G. Protteau, Sp. Age

| (If space insufficient show  continued  and continue on reverse  from bottom up) CONTINUED ON FORM I-831 | INS-Sea (Signature and Title) |
|---|---|

| DISTRIBUTION | TRD: 7-20-2003 | Received (subject and documents) (report of interview) from |
|---|---|---|
| 1 - File / #A27 290 441 | | Officer  Lonald G. Protteau |
| 1 - Statistics / ACAP | | July 25,          19 95     at          ( )        M |
| 1 - Log | | Disposition  OSC/WA |
| 1 - Intelligence | | (Receiving Officer) |

Form 1-213 (Rev  4-16-79)Y UNITED STATES DEPARTMENT OF JUSTICE Immigration and Naturalization Service

**U.S. Department of Justice**
Immigration and Naturalization Service

Continuation Page for Form ___I-213___

| Alien's Name | File Number | Date |
|---|---|---|
| BUOT, Vet (aka) BOUT, Vet (DOC #737154)  A27 290 441 | | July 25, 1995 |

Form I-213 Narrative / Page 2 (Continued)

retained in SUBJECT's file.  (King County/Cause #95-1-03640-2)
   SUBJECT has no other history of criminal violations or convictions.  While SUBJECT claimed to have a 2-year-old, USC child, the child resides with the mother at Kirkland, WA., and SUBJECT does not contribute to the support of mother and child.  SUBJECT does not have any brothers or sisters residing in the USA nor does have any other relatives in the USA.  Outside of prison/jail, SUBJECT has no fixed address in the USA.  His last address was 45 Front Street, Raymond, WA.
   REC: OSC/WA - Aggravated Felon       TRD: 7-20-2003

| Signature  *Lonald D. Prue* | Title |
|---|---|
| Lonald G. Protteau | Special Agent / INS-Seattle |

(Form I-213)       __2__ of __2__  Pages

Ro17

U S Department of Justice
Immigration and Naturalization Service

Application for Ord    ) Show Cause
and Bond/Custody Processing Sheet

(Relating Form I 213
must be attached)

| A Name | | Office | File |
|---|---|---|---|
| BUOT, Vet (aka) BOUT, Vet (DOC #737154) | | SEA | A27 290 441 |
| Address | telephone #(360) 426-4433 | | Date |
| c/o Washington State Corrections Center, POB 900, Shelton, WA., 98584 | | | July 25, 1995 |

FACTUAL ALLEGATIONS

1  You are not a citizen or national of the United States

2  You are a native of __Cambodia__ and a citizen of __Cambodia__ ,

3  You entered the United States at __San Francisco, CA.__ on __November 15, 1983__ ,
                                                              (Date)

4. At that time you entered as a refugee.

5. On June 19, 1986, you were accorded the status of a permanent resident as of November 15, 1983.

6. You were on July 7, 1995, convicted in the Superior Court of Washington for King County for the offense of Assault in the First Degree. 7. For that offense, the term of imprisonment received/imposed was 105 months. Records contained in SUBJECT's "A" file..

Supporting evidence... Copies of conviction documents (King County/Cause #95-1-03640-2), I-213, I-214, &

B  ADDITIONAL FACTORS TO BE CONSIDERED FOR BOND CUSTODY DETERMINATION

1  Is a petition application pending for this alien or family member? (explain)

　　　　No...

2  Total times apprehended  No prior history of apprehensions...

Bonded before?  __No...__    How many times? __N/A__    Released o/r before __No...__

Bond breached? __N/A__    How many times? __N/A__    Complied with o/r __N/A__

3  Present state of health of subject, of spouse children (if other than good, explain)

　　Good...

4  Total time in U S , dates and location, residing with (Family members or others)

Since 1983, SUBJECT has resided in the State of Washington.  Last address prior to his committment to prison was 45 Front Street, Raymond, WA., USA.

5  Personal property in U S (liquid and non-liquid assets)

Any personal property will accompany SUBJECT...

6  Family members in U S (Wife, children, immediate relatives) address if different than subject

SUBJECT claimed to have a 2-year-old USC child who resides with the mother at an unknown address in Kirkland, WA.  SUBJECT never married the child's mother.  SUBJECT has no other relatives who reside in the USA.

7  Employment history  (Other than current)

Claimed none & no history of employment known...

8  Other factors i e  false claim, attempted flight, unsupervised children at home, etc
AGGRAVATED FELON...  Used a double-blade axe to strike victim in the head resulting in a crushed skull. .  SUBJECT has no ties to local community...  No fixed address outside of prison...

C  The undersigned recommends

☐ V/D without OSC   ☒ OSC Charge(s) (Code) __D2A3__    (Page No )

☒ Trial Attorney   ☒ Interpreter __Cambodian__ (language)   ☐ Prosecution Violation

☒ W/A For the following reasons
likely to abscond ..
Aggravated Felon...

Signature __Lonald G. Protteau__    Title __Sp. Agent / INS-Seattle__

Supervisory Approval

Signature _____    Title __SSA__

D  Approved as to legal sufficiency

__8/23/55__
(Date)    (Signature)    (Title)    (Office)

E  Based on the above information I have set the following bond  $ _____

☐ DD   ☐ Acting DD   ☐ DDD   ☐ ADDI   ☐ OIC   ☐

__8-24-95__
(Date)    (Signature)    (Office)

Form I 265 (Rev 4-15-81)Y

R-16

U S Department of Justice
Immigration and Naturalization Service

Immigration Detainer - Notice of Action
By Immigration and Naturalization Service

| | |
|---|---|
| When alien named on this detainer is available for INS pick-up: Mon-Fri 0800-1600 -- call #(206) 553-7716 or 553-7917 and, if possible, follow-up with copy of detainer (I-247) faxed to #(206) 553-2387. Before or After hours: call #(206) 467-6046 or #(206) 467-6030 and ask for Detention Duty Officer. | File No A27 290 441 |
| | Date July 26, 1995 |

TO (Name, title and institution)
RECORDS
Washington State Corrections Center
Post Office Box 900
Shelton, WA. 98584
telephone #(360) 427-4581

FROM (INS Office Address)
United States Immigration & Natz. Service
Seattle District Office - Investigations
815 Airport Way South
Seattle, WA. 98134
#(206) 553-7716 or #(206) 553-7917

| Name of Inmate |
|---|
| BUOT, Vet (aka) BOUT, Vet (DOC #737154) |

| Month, Day and Year of Birth | Sex | Nationality |
|---|---|---|
| 2-1-69 | male | CAMBODIA |

**YOU ARE ADVISED THAT THE ACTION NOTED BELOW HAS BEEN TAKEN BY THIS SERVICE CONCERNING THE ABOVE-NAMED INMATE OF YOUR INSTITUTION**

[X] Investigation has been initiated to determine whether this person is subject to deportation from the U S

[ ] An Order to Show Cause in deportation proceedings, a copy of which is attached, was served on

_____ , 19 ___

[ ] A warrant of arrest in deportation proceedings, a copy of which is attached, was served on

_____ , 19 ___

[ ] Deportation from the United States has been ordered.

**IT IS REQUESTED THAT YOU·**

[X] Accept this notice as a detainer This is for notification purposes only and does not limit your discretion in any decision affecting the offender's classification, work and quarters assignments or other treatment which he would otherwise receive

[X] Please complete and sign the bottom block of the duplicate of this form and return it to this office   [ ] A self-addressed franked envelope is enclosed for your convenience

[X] Notify this office of the time of release at least 30 days prior to release or as much in advance as possible

[X] Notify this office in the event of death or transfer to another institution.

_Lonald D Protteau_

Lonald G. Protteau  SEA-127
Signature

Special Agent / INS-Seattle
Title

| | |
|---|---|
| Receipt acknowledged | |
| | 7-26-95: FAX'd to WCC, Shelton, WA. |
| Probable date of release | |
| | Signature |
| | Title |

Form I-247 (Rev 3-1-83)N

GPO 897 907

☆ U S GOVERNMENT PRINTING OFFICE 19[illegible]4-511

Form I-214
(Rev 8-1-73) N

UNITED STATES DEPARTMENT OF JUSTICE
Immigration and Naturalization Service

File No. A27 290 441

WARNING AS TO RIGHTS

Before we ask you any questions, you must understand your rights

You have the right to remain silent

Anything you say can be used against you in court, or in any immigration or administrative proceeding

You have the right to talk to a lawyer for advice before we ask you any questions and to have him with you during questioning.

If you cannot afford a lawyer, one will be appointed for you before any questioning if you wish

If you decide to answer questions now without a lawyer present, you will still have the right to stop answering at any time. You also have the right to stop answering at any time until you talk to a lawyer.

WAIVER

I have read this statement of my rights and I understand what my rights are I am willing to make a statement and answer questions. I do not want a lawyer at this time. I understand and know what I am doing. No promises or threats have been made to me and no pressure or coercion of any kind has been used against me.

X [signature]
Signature

Date and hour 7/11/95 1535 Place Shelton, WA.

CERTIFICATION

I HEREBY CERTIFY that the foregoing Warning and Waiver were read by me to the above signatory, that he also read it and has affixed his signature hereto in my presence.

[signature]
Immigration Officer Signature

Witness' Signature

None | English
Interpreter's Signature | Language

Interpreter's Address

INTERVIEW LOG

1.Person interviewed BUOT, Vet 2.Officer(s) Protteau

3 Place (exact address and identity of room) WCC, Bldg. C, Receiving Area, Shelton, WA. 4.Date July 11, 1995

5.Exact Time/place of encounter or arrest 1535 PM WCC, Shelton, WA.

6.If transported from place of encounter to interrogation point, show exact time involved Not Transported
Note whether interrogation continued during transporting N/A

7.Officer making arrest and/or transporting subject Protteau

8.Time interview began 1535 PM 9 Time subject or suspect advised of right to remain silent and fact any statement could be used against him in court and name of officer furnishing advice 1535 PM Protteau

10 Time subject advised of right to presence of counsel, retained or appointed and name of officer furnishing advice 1535 PM Protteau

11.Time questioning concluded 1550 PM 12.Time written statement commenced N/A

13.Person preparing statement N/A 14.Time statement completed N/A

15 Time statement reviewed by person interviewed N/A 16.Time statement signed N/A

17 Record of requests and complaints of subject and actions taken thereon None...

R014

```
    10:16        TECS II EXTERNAL MESSAGE DISPLAY              072695   T2MD0610
                                                                       T2PD0632
  QUEUE TYPE:   TERMINAL         QUEUE NAME:  Y27B
                                 MSG STATUS:   NACK
 ******************** TEXT OF MESSAGE ****************  PAGE 02 **************
SUPERVISION/DOC OFFENDER.UPDATED/070395
DOC/735274
 ******************* THIS IS NOT A WARRANT ********************
************* DO NOT ARREST ON THIS INFORMATION **************
NAM/BUOT, VET DOB/020169
AKA/
LOCATION/WA COR CTR RC .CUSTODY STATUS/RESIDENT
SUPERVISION/INMATE .UPDATED/071195
DOC/737154

*** NO MORE DOC LOCATOR HITS ***

QW.WAINSSET1.BOUT, VET.020169
072695-071708

MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(ACKD MSG)
                                PF16(NEXT MSG). PF19(MSG LOG)  PF18=(REROUTE)
END OF THIS MESSAGE
(PF1=HELP)(PF3=MAIN MENU)(PF4=PREV MENU)(PF7=PREV PAGE)(PF8=NEXT PAGE)
```

DOC Locator

R-13

13 40        TECS 11 EXTERNAL MESSAGE DISPLAY                    060895      F7MD0610
                                                                             12FD0632
QUEUE TYPE      PERSONAL           QUEUE NAME      F4C4              SEQ ID      049
DATE/TIME       060895   131817    MSG STATUS      NACK             CIRCUIT
****************************** TEXT OF MESSAGE *************** PAGE 01 *****************
KOM NCIC    ON 06/08/95 AT 13 18 17
L01CQUF4C404200042
AINSSETQ
HIS NCIC INTERSTATE IDENTIFICATION INDEX RESPONSE IS THE RESULT OF YOUR
NQUITY ON NAM/BUQT,VET SEX/M RAC/A DOB/020169 PUR/C

AME                             FBI NO.            INQUIRY DATE
BUQT,VET                        547127WA6          06/08/95

EX   RACE    BIRTH DATE    HEIGHT    WEIGHT    EYES    HAIR    BIRTH PLACE
     A       02/01/69      507       120       BRO     BLK     CAMBODIA/KAMPUCHEA

INGERPRINT CLASS
4 09 05 07 06
8 11 02 05 04
ESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(ALND MSG)
                              PF16(NEXT MSG), PF17(MSG LOG)  PF18=(RELROUTE)
SE PF KEYS TO CONTINUE
PF1 HELP)(PF3=MAIN MENU)(PF14=PREV MENU)(PF7 PREV PAGE)(PF8 NEXT PAGE)

FBI    ✓

R-12

```
   13  41       IFCS II EXTERNAL MESSAGE DISPLAY              060895    F7MD0610
                                                                        T7TD0632
QUEUE TYPE    PERSONAL         QUEUE NAME   P4C4           SEQ ID    042
DATE/TIME     060895  131817   MSG STATUS   HACK           CIRCUIT
***************xxxxx TEXT OF MESSAGE ****x*x*xxxx*xxx*x*  PAGE O2 xxxxxx*xx*xxxx

OCIAL SECURITY
60-77-8441

DENTIFICATION DATA UPDATED 11/01/94

HE CRIMINAL HISTORY RECORD IS MAINTAINED AND AVAILABLE FROM THE
OLLOWING
WASHINGTON STA - STATE ID/WA17148257

HE RECORD(S) CAN BE OBTAINED THROUGH THE INTERSTATE IDENTIFICATION
NDEX BY USING THE APPROPRIATE NCIC TRANSACTION.

ND

ESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(ACK'D MSG)
                      PF16(NEXT MSG)  PF19(MSG LOG)  PF18 (REROUTE)
ND OF THIS MESSAGE
PF1=HELP)(PF3 MAIN MENU)(PF4=PREV MENU)(PF7=PREV PAGE)(PF8-NEXT PAGE)
```

Roll

```
    11 59        TECS II EXTERNAL MESSAGE DISPLAY           06279's   T?MD0610
                                                                      I?PD06.42
QUEUE TYPE      PERSONAL          QUEUE NAME     P4CE            SEQ ID      69?
DATE/TIME       06279's   144950  MSG STATUS     NACK           CIRCUIT
*****************************  TEXT OF MESSAGE  ****************************  PAGE 01 *********************
ROM NLETS  ON 06/27/9's AT 14 49 '50

K.WA1110000
1 50 06/27/95 04652
1 50 06/27/95 07071 WA1NSSETO
CQUP4CE 69?
XT
IDK/2LO1CQUP4CE69?00692
,TN/BERG
HE FOLLOWING RECORD PERTAINS TO SID/WA171482'57

                                                              PAGE 01

                  - WASHINGTON STATE CRIMINAL HISTORY -

   NAME                          STATE ID NO.    FBI NO.    INQUIRY DATE.
 MESSAGE IS DISPLAYED. DITPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(ACKD MSG)
                              PF15(NEXT MSG), PF19(MSG LOG)  PF18-(REROUTE)
 USE PI KEYS TO CONTINUE
 PF1 HELP)(PF3=MAIN MENU)(PF4-PREV MENU)(PF7 PREV PAGE)(PF8=NEXT PAGE,
```

State of WA.
(Criminal) History Rob

```
    14 59        TECS II EXTERNAL MESSAGE DISPLAY              062795   T2MD0310
                                                                       12PD0632

   QUEUE TYPE     PERSONAL        QUEUE NAME    P4CE            SEQ ID    692
   DATE/TIME      062795  144950  MSG STATUS    NACK           CIRCUIT
   ************************* TEXT OF MESSAGE ***************** PAGE 02 *************
   OUT. VET                                WA17148257    54712/Wn6    06/27/95

   SEX  RACE   BIRTHDATE     HGT    WGT    EYES    HAIR          BIRTHPLACE
    M    A     02-01 69      50/    120    BRO     BLK              CJ

   INGERPRINT CLASSIFICATION N/A                        (NCIC)

   CUSTODY    STATUS N/A            LOCATION N/A                   TYPE N/A

   NON-VERIFIED CUSTODY STATUS INFORMATION   PROVIDED BY D.O.C.


                         A L I A S   D E T A I L S
                         --- --------- --------

   MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(ACKD MSG)
                         PF16(NEXT MSG), PF19(MSG LOG)  PF18=(REROUTE)
   USE PF KEYS TO CONTINUE
   (PF1=HELP)(PF3=MAIN MENU)(PF14=PREV MENU)(PF17=PREV PAGE)(PF18=NEXT PAGE)
```

R009

```
   14 59        TECS TT EXTERNAL MESSAGE DISPLAY              062795   T2MD0610
                                                                      121D063''
QUEUE TYPE      PERSONAL         QUEUE NAME     P4CT            SEQ ID      692
DATE/TIME      062795  144950  MSG STATUS      NACK            CIRCUIT
**************************** TEXT OF MESSAGE ***************** PAGE 03 **********
   NAME                          BIRTHDATE   SOC SEC      MISC. NO         SEX RAC
```

                              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


                   S C A R S ,   M A R K S   A N D   T A T T O O S
                   ---  ---   -    -------   ------  - ---  -- - ----

            · * * * *        NO KNOWN SCARS, MARKS AND TATTOOS DETAILS        * * * *
            ·

                        A P P L I C A N T   D E T A I L S
                        ---  ------- -- ---- ----- - ------ --
```
MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(AGED MSG)
                      PF16(NEXT MSG), PF19(MSG LOG)  PF18-(RFKOUT))
USE PF KEYS TO CONTINUE
(PF1 HELP)(PF3=MAIN MENU)(PF4 PREV MENU)(PF7=PREV PAGE)(PF6-NEXT) PAGE
```

```
15:00        TECS II EXTERNAL MESSAGE DISPLAY         062795   12MD0610
                                                               12MD0632
QUEUE TYPE     PERSONAL        QUEUE NAME    PACE        SEQ ID     693
DATE/TIME      062795  144950  MSG STATUS    NACK        CIRCUIT
**************************** TEXT OF MESSAGE *****************  PAGE 04 *************

*  *  *  *  *              NO KNOWN APPLICANT DETAILS                   *  *  *  *

                        A R R E S T   D E T A I L S
                        - - - - - - - - - - - - - - -

A R R E S T     01
    OCA  179736        FGN  000406287                      DATE  08-18-94
    AGENCY   WAKCS0000 - KING CO SHERIFF'S OFFICE SEATTLE WA
    ARREST NAME   BUOT, VET

    O F F E N S E    01
MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PRIV SCRN) PF14(ACKD MSG)
                      PF16(NEXT MSG), PF19(MSG LOG)  PF18-(REROUTE)
USE PF KEYS TO CONTINUE
(PF1=HELP)(PF3 MAIN MENU)(PF4 PRIV MENU)(PF7 PREV PAGE)(PF8 NEXT PAGE)
```

R007

```
   15 00      TECS 1J EXTERNAL MESSAGE DISPLAY              062/95     12mDuo:1o
                                                                       1.l'Duo..2
   QUEUE TYPE      PERSONAL         QUEUE NAME    PACE        SEQ ID    69.2
   DATE/TIME       062/95  144950   MSG STATUS    NACK        CIRCUIT
   **********************  TEXT OF MESSAGE  ****************** PAGE 05 *************
      01135 - ASSAULT 4 - DU
         UNIQUE NUMBER  940273544              OFFENSE DATE  08 18 94
         JUVNL OFFENSE  N     DISPOSITION RESPONSIBILITY   WA01708.J

      D I S P O S I T I O N
           STATUS  N/A              DISPO DATE  N/-A -        CAUSE  N041645

A R R E S T  -  02
   OCA  M536159      PCN  000822116                          DATE  05 14 95
   AGENCY  WASPD0000 - SLATTIE PD
   ARREST NAME  BUOT, VET

   O F F E N S E   01
      01000    ASSAULT
MESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(ACKD MSG)
                      PF16(NEXT MSG). PF19(MSG LOG)  PF18 (REROUTE)
USE PF KEYS TO CONTINUE
(PF1-HELP)(PF3=MAIN MENU)(PF4 PREV MENU)(PF7 PREV PAGE)(PF8 NEXT PAGE)
```

R006

```
    15 00        TECS II EXTERNAL MESSAGE DISPLAY            06279'S   LZMD0410
                                                                       LZPD0635
QUEUE TYPE     PERSONAL         QUEUE NAME    P4CL          SEQ 10    692
DATE/TIME      062/95  144950   MSG STATUS    NACK          CIRCUIT
**********************  TEXT OF MESSAGE  **********************  PAGE 06 ***************
        UNIQUE NUMBER  950214522             OFFENSE DATE   05-14-95
        JUVNI OFFENSE  N      DISPOSITION RESPONSIBILITY  WA0170130

    D I S P O S I T I O N

                        D O C      A C T I V I T Y
                        - - -      --- ----  -- ------- - -

    * * * *              NO KNOWN DOC ACTIVITY DETAILS                   * * * *


 *   THIS IS A SINGLE STATE OFFENDER RECORD

ND OF RECORD
IESSAGE IS DISPLAYED. DEPRESS PF5(MSG INDEX) PF9(PREV SCRN) PF14(AUKD MSG)
                          PF16(NEXT MSG). PF19(MSG LOG)   PF18=(REROUTE)
JSE PF KEYS TO CONTINUE
  PF1 HELP)(PF3 MAIN MENU)(PF4=PREV MENU)(PF7 PREV PAGE)(PF8=NEXT PAGE)
```

R005

To be Fed x'd
1-11-95 gp

7/11/95.

Grace,

Would you please rush order
this file for me from SFR ? subject
is in jail and under investigation.
Fed Ex if SFR can do. Thanks

— Lon (SEA 127)

```
CIMSIN            IMMIGRATION AND NATURALIZATION SERVICE        06/27/95
COMMAND        CENTRAL INDEX SYSTEM - DETAILED SEARCH DISPLAY    14 45 15

1# 027290441 NAME: RUOT                    ,VET            DOB: 020169

     LAST   RUOT
     FIRST  VET
     MIDDLE                                        NATZ DATE
     ALIASES                                          COURT
                                                    LOCATION

   SEX        POE  SFR  COB  KAMPU   DOE  111583
   FCO   SFR  COA  RE6  COC  KAMPU                 FATHER  MAP
   FCO   SFR  SECO      DFO  071184  RIN           MOTHER  MOM

        SSN                     CONSOLIDATED A-NOS    --OTHER INFORMATION-
   I-94 ADM #                                       CARD X
   PASSPORT #
       FBI #
   DRIVER LIC
   INGER CD#

    CLEAR EXIT       PF4 RETURN      PF5 HELP       PF6 CIS MAIN MENU
  PF7 NEXT SEARCH     PF8 VIEW HISTORY       PF9 VIEW EAD       PF10 NATLS
  10 REQUIRES A SPECIAL SECURITY CLASS.
```

CIS ✓

Root

```
JMDH1                  IMMIGRATION AND NATURALIZATION SERVICE        06/27/95
OMMAND                 CENTRAL INDEX SYSTEM - STATUS/HISTORY DATA     14 45 54

   027290441 NAME  BUOI                         ,VI T               DOB  029162

      ACTION        LOC    ACTION-DATE    ST   REASON/COURT#   MISC   KEYED-DATE
   STATUS CHANGE    SFR     00/00/00            PR                    00/00/00
   STATUS CHANGE    SI R    11/15/83            RE6                   08/01/86
```

CLEAR EXIT   PF4 RETURN   PF5 HELP   PF6 MENU

R003



| LEAVE BLANK | TYPE OR PRINT ALL INFORMATION IN BLACK | | FBI | LEAVE BLANK |
|---|---|---|---|---|

LAST NAME NAM          FIRST NAME          MIDDLE NAME

BUOT,   Vet

STATE USAGE

ALIASES
BOUT, Vet

CONTRIBUTOR OR L
WAINSSE00
USINS
SCATTLE, WA

SIGNATURE OF PERSON FINGERPRINTED
X   [signature]

DATE OF BIRTH DOB
Month   Day   Year
02      01    69

THIS DATA MAY BE COMPUTERIZED IN LOCAL STATE AND NATIONAL FILES

DATE  7/11/95   SIGNATURE OF OFFICIAL TAKING FINGERPRINTS  [signature]

DATE ARRESTED OR RECEIVED DOA
071195

SEX M | RACE W | HGT 67 | WGT 120 | EYES bro | HAIR blk

PLACE OF BIRTH POB
CAMBODIA

CHARGE
dep proc

YOUR NO OCA
A27 290 441

LEAVE BLANK

FBI NO FBI
547 127 WA6

CLASS

SID NO SID

REF

FINAL DISPOSITION

SOCIAL SECURITY NO SOC
560 77 8441

NCIC CLASS - FPC

CAUTION
□

| 1 R THUMB | 2 R INDEX | 3 R MIDDLE | 4 R RING | 5 R LITTLE |
|---|---|---|---|---|

| 6 L THUMB | 7 L INDEX | 8 L MIDDLE | 9 | |
|---|---|---|---|---|

LEFT FOUR FINGERS TAKEN SIMULTANEOUSLY      L THUMB    R THUMB      RIGHT FOUR FINGERS TAKEN SIMULTANEOUSLY

R002

 

# FEDERAL BUREAU OF INVESTIGATION, UNITED STATES DEPARTMENT OF JUSTICE
## WASHINGTON, D C. 20537

| | YES | NO |
|---|---|---|
| PALM PRINTS TAKEN? | | XX |
| PHOTO AVAILABLE? | XX | |

IF ARREST FINGERPRINTS SENT FBI PREVIOUSLY AND FBI NO  UNKNOWN
FURNISH ARREST NO _____ DATE _____

STATUTE CITATION (SEE INSTRUCTIONS NO 9) CIT
1  8 USC 1251

2

3

ARREST DISPOSITION  SEE INSTRUCTION NO 5) ADN

EMPLOYER  IF U S GOVERNMENT INDICATE SPECIFIC AGENCY
IF MILITARY LIST BRANCH OF SERVICE AND SERIAL NO
Claimed none & none known...

OCCUPATION
labor

RESIDENCE OF PERSON FINGERPRINTED
45 Front Street, Raymond, WA., USA
(last address prior to being committed to
prison on 7-11-95)

SCARS MARKS TATTOOS AND AMPUTATIONS SMT
1" scar at left elbow

BASIS FOR CAUTION ICO

| DATE OF OFFENSE DOO | SKIN TONE SKN |
|---|---|
| 071195 | med |

MISC NO MNU

ADDITIONAL INFORMATION

## INSTRUCTIONS
1  UNLESS OTHERWISE PROVIDED BY REGULATION IN YOUR STATE FINGERPRINTS ARE TO BE SUBMITTED DIRECTLY TO FBI IDENTIFICATION DIVISION  FORWARD IMMEDIATELY FOR MOST EFFECTIVE SERVICE
2  FINGERPRINTS SHOULD BE SUBMITTED BY ARRESTING AGENCY ONLY (MULTIPLE PRINTS ON SAME CHARGE SHOULD NOT BE SUBMITTED BY OTHER AGENCIES SUCH AS JAILS  RECEIVING AGENCIES ETC ) REQUESTS COPIES OF FBI IDENTIFICATION RECORD FOR ALL OTHER INTERESTED AGENCIES IN BLOCK BELOW  GIVE COMPLETE MAILING ADDRESS INCLUDING ZIP CODE
3  TYPE OR PRINT ALL INFORMATION
4  NOTE AMPUTATIONS IN PROPER FINGER BLOCKS
5  LIST FINAL DISPOSITION IN BLOCK ON FRONT SIDE  IF NOT NOW AVAILABLE  SUBMIT LATER ON FBI FORM R 84 FOR COMPLETION OF RECORD  IF FINAL DISPOSITION NOT AVAILABLE SHOW PRE TRIAL OR ARRESTING AGENCY DISPOSITION e g  RELEASED NO FORMAL CHARGE  BAIL  TURNED OVER TO  IN THE ARREST DISPOSITION BLOCK PROVIDED ON THIS SIDE
6  MAKE CERTAIN ALL IMPRESSIONS ARE LEGIBLE  FULLY ROLLED AND CLASSIFIABLE
7  CAUTION  CHECK BOX ON FRONT  IF CAUTION STATEMENT INDICATED  BASIS FOR CAUTION (ICO) MUST GIVE REASON FOR CAUTION  e g  ARMED AND DANGEROUS SUICIDAL ETC
8  MISCELLANEOUS NUMBER (MNU)  SHOULD INCLUDE SUCH NUMBERS AS MILITARY SERVICE  PASSPORT AND/OR VETERANS ADMINISTRATION  IDENTIFY TYPE OF NUMBER )
9  PROVIDE STATUTE CITATION  IDENTIFYING SPECIFIC STATUTE (example  PL for PENAL LAW) AND CRIMINAL CODE CITATION INCLUDING ANY SUB SECTIONS
10  ALL INFORMATION REQUESTED IS ESSENTIAL
11  PRIVACY ACT OF 1974 (P L  93 579) REQUIRES THAT FEDERAL  STATE  OR LOCAL AGENCIES INFORM INDIVIDUALS WHOSE SOCIAL SECURITY NUMBER IS REQUESTED WHETHER SUCH DISCLOSURE IS MANDATORY OR VOLUNTARY  BASIS OF AUTHORITY FOR SUCH SOLICITATION  AND USES WHICH WILL BE MADE OF IT

| REPLY DESIRED? | YES | NO |
|---|---|---|

(REPLY WILL BE SENT IN ALL CASES IF SUBJECT FOUND TO BE WANTED)
IF COLLECT WIRE OR COLLECT TELEPHONE REPLY DESIRED INDICATE HERE  (WIRE SENT ON ALL UNKNOWN DECEASED)

| WIRE REPLY | TELEPHONE REPLY | TELEPHONE NO  AND AREA CODE |
|---|---|---|

SEND COPY TO  NAME  ORI NUMBER AND ADDRESS

LEAVE BLANK

FD 249 (REV 12 29 82)

Rool

# FEDERAL PUBLIC DEFENDER
### Western District of Washington

February 19, 2003

*FILE*

District Director
Immigration and Naturalization Service
815 Airport Way South
Seattle, Washington 98134

      Re:  Vet Buot, INS #A 27-290-441
          <u>Buot v. Ashcroft</u>, W.D.Wa. Case #C03-289L

Dear District Director

      I have been appointed by the district court to represent the above-noted individual in his habeas corpus petition challenging his ongoing detention by the Immigration and Naturalization Service (INS).

      I am writing to request that the INS release Mr. Buot to the community pursuant to your inherent authority over aliens facing final orders of deportation, and pursuant to the Memorandum for Regional Directors from Michael A. Pearson, Executive Associate Commissioner, Office of Field Operations, dated February 3, 1999.

      I do not know if Mr. Buot has previously made such a request, as I have not yet had the opportunity to review his administrative file. Whether or not he has, please treat this as a new, specific request for release from detention

      I wish to emphasize that we are making this request in a good faith effort to settle the above-noted habeas case  We are not making this request under any belief that such a request is a necessary step to exhaust administrative remedies  Specifically, we believe that Mr Buot's detention of several years, with no reasonable expectation that his deportation order will be executed in the foreseeable future, is unlawful, and that further attempts to obtain his release administratively are not required under the exhaustion doctrine before reaching the merits of his habeas petition  As noted above, however, we are interested in settling his case, and his release by the Service would obviously accomplish this by mooting his petition.

1111 Third Avenue, Ste 1100, Seattle, Washington 98101 • Telephone (206) 553-1100 • Fax (206) 553-0120

INS District Director
February 19, 2003
Page 2

We therefore request that an administrative review interview be held at FDC
SeaTac, 2425 S 200th St., SeaTac, WA, and that such a hearing take place upon notice to
Mr. Buot and counsel, and in the presence of counsel

Upon receipt of this request, please notify my office of the earliest time available
to schedule such a hearing   Thank you for your attention to this matter.

Very truly yours,

Jay W Stansell
Assistant Federal Public Defender

Michelle Sweet
Staff Attorney

L040



FILED 02180 ENTERED
LODGED RECEIVED

FEB 18 2003 DM

AT SEATTLE
CLERK U.S. DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON
DEPT



CV 03-00289 #00000007

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BUOT VET,

    Petitioner,

        v

JOHN D. ASHCROFT, *et al* ,

    Respondents.

CASE NO   C03-0289L

ORDER FOR SERVICE,
AND FOR RETURN AND
STATUS REPORT

Petitioner has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his detention by the Immigration and Naturalization Service ("INS").  It is therefore ORDERED

(1) The Clerk shall arrange for service upon William Johnston, the Acting District Director of the Immigration and Naturalization Service in Seattle, upon the United States Attorney General in Washington, D.C., and upon the civil process clerk of the United States Attorney for the Western District of Washington of copies of the Petition, of all documents in support thereof, and of this Order by registered or certified mail, return receipt requested.  The Clerk shall also direct copies of this Order to the Federal Public Defender and the Office of Immigration Litigation in Washington, D C

ORDER FOR SERVICE AND
STATUS REPORT
PAGE – 1

L539

1   (2) Petitioner alleges, *inter alia*, that his detention is unlawful because the I.N.S is

2   unable to effectuate his removal to Cambodia in the reasonably foreseeable future. Given this

3   allegation, the government is directed to submit evidence directed principally at the issue of

4   petitioner's "entry" into the United States and the likelihood of his removal, in a Return and

5   Status Report (RSR) showing cause why the Petition should not be granted. The RSR shall be

6   filed not later than thirty (30) days prior to the expiration of the six month presumptively

7   permissible period of detention, as set forth by the Supreme Court in *Zadvydas v. Davis*, 121 S.

8   Ct. 2491 (2001).

9       According to the Petition, the six month period in this case will expire on or about <u>April</u>

10  <u>17, 2003.</u> Therefore, the RSR shall be filed no later than <u>March 17, 2003.</u>

11      (3) Counsel for petitioner may file a reply to the RSR within seven (7) business days of

12  receipt of the RSR

13      (4) The Clerk is directed to also send a copy of this Order to the Honorable Robert S.

14  Lasnik.

15      DATED this __18__ day of February, 2003.

16

17                          RICARDO S. MARTINEZ
                            United States Magistrate Judge
18

19

20

21

22

23

24

25  ORDER FOR SERVICE AND
    STATUS REPORT
26  PAGE – 2

L-38

1   Vet Buot
    Reg. No. 20378-461
2   FDC SeaTac
    P.O. Box 13900
3   SeaTac, WA 98198

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7                FOR THE WESTERN DISTRICT OF WASHINGTON

8

9

10  Vet Buot,                          )   NO. CIV **C03-0289L**
    A# 27-290-441                      )
11                                     )
                 Petitioner,           )
12                                     )   PETITION FOR WRIT OF HABEAS
         v.                            )   CORPUS BY A PERSON IN FEDERAL
13                                     )   CUSTODY PURSUANT TO 28 U.S.C.
    JOHN D. ASHCROFT, Attorney         )   § 2241
14  General; UNITED STATES             )
    IMMIGRATION AND NATURALIZATION     )
15  SERVICE, and INS District          )
    Director, Seattle District,        )
16                                     )
                 Respondents.          )
17  _____)

18
    1.  **Name and location of place of confinement:**
19       Federal Detention Center, SeaTac, 2425 S. 200th Street, SeaTac,
    Washington 98198, pursuant to a contractual arrangement with my
20  custodian, the INS District Director at Seattle, Washington.

21
    2.  **Name and location of court causing confinement:**
22
         INS District Director, Seattle, Washington.
23
    3.  **Case Name and Number:** [INS file number, if known]
24       A# 27-290-441

25  4.  **Date of judgment of conviction:** [Date of Order of Confinement]
         INS Order of Deportation: May 13, 1996;
26       INS Custody: October 17, 2002

27  5.  **Sentencing Date:** N/A

28                              1

                            L037

6.   Sentence: N/A

7.   Sentencing Judge: N/A

8.   Nature of offense or offenses for which you were convicted:   N/A

9.   What was your plea: N/A

10.  Kind of trial:  N/A

11.  Did you testify at trial?  N/A

12.  Did you appeal from the judgment of conviction or sentence? NO

          [Any administrative review?]

13.  If you did appeal, list the court to which you appealed:

          (a)  Name of Court:  [or administrative tribunal]:

          (b)  Result:

          (c)  Date of Result:

14.  Did you seek any further review? NO

15.  List the court(s) to which you sought further review?

          (a) Name of Court: [or administrative tribunal]:

          (b) Nature of Review:

          (c)  Result:


          (a)  Name of Court: [or administrative tribunal]:

          (b)  Nature of Review:

          (c)  Result:

16.  Other than a direct appeal from the judgment of conviction and
     sentence, have you   previously filed any petitions, applications,
     or motions with respect to your confinement
     in any court, state or federal?
     No.

17. **GROUNDS FOR RELIEF:**

A. My indefinite detention by respondent INS is in violation of my rights to procedural and substantive due process, as guaranteed by the Fifth Amendment to the United States Constitution.

B. My indefinite detention by respondent INS is in violation of the six-month limitation set forth in former 8 U.S.C. §§ 1252(c) and (d).

C. The substantive provisions of AEDPA and IIRIRA may not, consistent with their terms and with due process requirements, be given retroactive effect in my case.

D. Because I am seeking relief related only to my custody status, which is not inconsistent with an order of deportation, exhaustion of administrative remedies, if any, is not required.

E. My detention is unconstitutional, because I am not a flight risk, and I do not present a danger to society.

F. My detention is unconstitutional, because I am not an aggravated felon.

G. My indefinite detention is unlawful because the INS has no statutory authority pursuant to 8 U.S.C. § 1231(a)(6) to indefinitely detain me, because my removal cannot be effectuated in the foreseeable future. Zadvydas v. Davis, 121 S.Ct. 2491 (U.S. June 28, 2001) (No. 99-7791).

H. I was taken into INS custody on October 17, 2002.  I was previously ordered deported to Cambodia on May 13, 1996.  I have been in INS custody with a final order of deportation since October 17, 2002.  As of today's date, the INS has not been able to effectuate my removal.  I have done everything the INS has asked of me to try to get travel documents, and will cooperate fully in any requests that they have for information that will help that process.

I.

J.

18. **Do you have any petition or appeal now pending in any court or administrative body as to the claims raised above?**
NO

19. **Have you exhausted your administrative remedies with respect to the claims raised above?**

See 17(D), above.  yes

```
1   20.  State the administrative remedies that you pursued?

2            (a) Nature of Review:

3            (b) Result:

4            (a) Nature of Review:

5            (b) Result:

6            (a) Nature of Review:

7            (b) Result:

8
9   21.      Give the name and addresses, if known, of each attorney who
         represented you in the following stages of the underlying
10        judgment:

11       (a)  At preliminary hearing:  N/A

12       (b)  At arraignment and plea: N/A

13       (c)  At change of plea: N/A

14       (d)  At trial:  N/A

15       (e)  At sentencing:  N/A

16       (f)  On appeal:  N/A

17       (g)  In any post-conviction proceedings:  N/A

18       (h)  On appeal from any adverse ruling in post conviction
         proceedings:  N/A

19       (i)  Other:

20       (j)  Other:

21  22.  Do you have any future sentence to serve after you complete the
         sentence imposed by the underlying judgment in your case?
22        NO

23  23.      If you are seeking leave to proceed in forma pauperis, have
         you completed the sworn affidavit setting forth the required
24        information?
          Yes.

25

26

27

28
```

4  2034

**PRAYER FOR RELIEF**

Based upon the illegal and unconstitutional actions listed above, I request that the Court grant my petition and direct respondent to release me from custody, as well as any other relief to which I may be entitled in this proceeding under 28 U.S.C. § 2241.

I verify, under penalty of perjury, that the foregoing information is true and correct to the best of my recollection.

Dated: 01-24-03, 2003.

Respectfully submitted,

_____ [SIGN NAME]
Vet Buot
No. 20378-461
FDC SeaTac
P.O. Box 13900
SeaTac, WA 98198-1090

In Propria Persona

5 6633

Western District of Washington

February 10, 2003                                                    FEB 18 2003 DM

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUT

The Honorable Magistrate Judge
304 U.S. Courthouse
1010 Fifth Avenue
Seattle, Washington 98104

____FILED   ____ENTERED
____LODGED  ____RECEIVED

FEB 1 0 2003 DM

AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                     DEPUTY

          Re:     Vet Buot, A 27-290-441

Dear Magistrate Judge:                          C03-0289L

          We have conducted an initial review of Vet Buot's habeas corpus petition. It appears his case falls within the group of petitions challenging the statutory authority of the INS to detain him pursuant to Zadvydas v. Davis, 121 S.Ct. 2491 (U.S. June 28, 2001) (No. 99-7791). In addition, Mr. Buot challenges the constitutionality of indefinite INS detention.

          As Mr. Buot has set forth in his habeas petition, his case is controlled by Zadvydas v. Davis, 121 S.Ct. 2491 (U.S. June 28, 2001) (No. 99-7791).

●         Mr. Buot was ordered deported to Cambodia on May 13, 1996. He was then taken into INS custody on October 17, 2002.

●         Therefore his order of deportation became final on May 13, 1996, and the 90-day removal period expired on or about January 17, 2003. Mr. Buot's deportation to Cambodia is not reasonably likely to occur within the reasonably foreseeable future because Cambodia is repatriating fewer than 50 deportees a year.

          Based on these facts, our office believes that the INS does not have the statutory or constitutional authority to detain Mr. Buot because his case is governed by Zadvydas v. Davis and thus his continued detention is unlawful.

          Should Mr. Buot qualify financially, we would welcome the opportunity to assist him in pursuing his claims for relief. Thank you.

                                    Very truly yours,

                                    Thomas W. Hillier by CK

CV 03-00289 #00000004                Thomas W. Hillier, II
                                    Federal Public Defender

          cc: Christopher Pickrell, AUSA
              Colleen Allen, Pro Se Law Clerk

1111 Third Avenue, Room 1100, Seattle, Washington 98101 - Telephone (206) 553-1100  Fax (206) 553-0400

L-32

## NOTICE OF ENTRY OF APPEARANCE AS ATTORNEY OR REPRESENTATIVE

| In re: Buot v. Ashcroft | DATE  2/10/03 |
|---|---|
| | FILE No.  A 27-290-441 |

I hereby enter my appearance as attorney for (or representative of), and at the request of, the following named person(s):

| NAME  Vet Buot | [x] Petitioner   [ ] Applicant   [ ] Beneficiary |
|---|---|

ADDRESS (Apt. No.)  CSC  (Number & Street)  (City)  (State)  (ZIP Code)

| NAME | [ ] Petitioner   [ ] Applicant   [ ] Beneficiary |
|---|---|

ADDRESS (Apt. No.)  (Number & Street)  (City)  (State)  (ZIP Code)

*Check Applicable Item(s) below:*

[xx] 1. I am an attorney and a member in good standing of the bar of the Supreme Court of the United States or of the highest court of the following State, territory, insular possession, or District of Columbia __Washington State__ and am not under a court or administrative agency order suspending, enjoining, restraining, disbarring, or otherwise restricting me in practicing law.
(Name of Court)

[ ] 2. I am an accredited representative of the following named religious, charitable, social service, or similar organization established in the United States and which is so recognized by the Board.

[ ] 3. I am associated with _____, the attorney of record who previously filed a notice of appearance in this case and my appearance is at his request. *(If you check this item, also check item 1 or 2 whichever is appropriate.)*

[ ] 4. Others (Explain fully.)

| SIGNATURE  *Michelle Sweet*  NAME (Type or Print)  Michelle Sweet | COMPLETE ADDRESS  Federal Public Defender  1111 Third Avenue, Suite 1100  Seattle, WA 98101  TELEPHONE NUMBER  (206) 553-1100 |
|---|---|

PURSUANT TO THE PRIVACY ACT OF 1974, I HEREBY CONSENT TO THE DISCLOSURE TO THE FOLLOWING NAMED ATTORNEY OR REPRESENTATIVE OF ANY RECORD PERTAINING TO ME WHICH APPEARS IN ANY IMMIGRATION AND NATURALIZATION SERVICE SYSTEM OF RECORDS. Jay W. Stansell;                    or others at Federal
(Name of Attorney or Representative)   Public Defender
THE ABOVE CONSENT TO DISCLOSE IS IN CONNECTION WITH THE FOLLOWING MATTER·

All immigration and INS detention matters

| NAME OF PERSON CONSENTING  BUOT, VET | SIGNATURE OF PERSON CONSENTING | DATE  01-24-03 |
|---|---|---|

*(NOTE: Execution of this box is required under the Privacy Act of 1974 where the person being represented is a citizen of the United States or an alien lawfully admitted for permanent residence.)*

Form G-28 (Rev.10-25-79)N          (OVER) L o3 1          UNITED STATES DEPARTMENT OF JUSTICE  Immigration and Naturalization Service
For sale by the Superintendent of Documents, U.S. Government Printing Office, Washington, D.C 20402



ROYAL EMBASSY OF CAMBODIA
TO THE UNITED STATES OF AMERICA
WASHINGTON, D.C

August 5, 1996

Mr George L Morones
Assistant District Director
US Immigration and
Naturalization Service
Office of Detention & Deportation
P O Box 3222
Seattle, Washington 98114

Dear Mr Morones

I have the honor to acknowledge receipt of your letter dated July 19, 1996, regarding the deportation and the issuance of a travel document for Vet Buot (A27 290 441), who is currently in the custody of the Immigration and Naturalization Service in Seattle, Washington

The Government of the United States of America and the Royal Government of Cambodia have not yet negotiated an agreement to cover the deportation and return of former Cambodian citizens to Cambodia  I regret to inform you that the Royal Embassy of Cambodia is, therefore, not authorized to issue travel documentation for Vet Buot.

Please accept, Mr Morones, the assurances of my highest consideration

Chhea Phany
2nd Secretary and Consul

RECEIVED
DETENTION & DEPORTATION
96 AUG 13  AM 7: 49
U.S. IMMIGRATION SERVICE
SEATTLE, WASHINGTON

**IMMIGRATION AND NATURALIZATION SERVICE**
**OFFICE OF DETENTION AND DEPORTATION**
**P.O. Box 3222**
**Seattle, Washington  98114**

The Cambodian Consulate                          July 19, 1996
4500 16th Street NW
Washington, D.C  20011

re: A27 290 441

Dear Sir:

Vet Buot aka  Vet Bout, native and citizen of Cambodia, is in the
custody of the Immigration and Naturalization Service  He is under
deportation proceedings and has been ordered deported from the
United States by the Immigration Judge   Therefore, it is
respectfully requested that a travel document be issued to
facilitate his return to Cambodia

Attached are documents that your office has requested.   Your
expeditious handling of this matter of mutual interest is greatly
appreciated.

If additional information is needed, please call Detention &
Deportation Officer(s) Thomas Sebens or Ken Hamilton 206-553-5948.

Sincerely,

George L Morones  CM
George L Morones
Assistant District Director
Detention & Deportation

Pkg Consisted of
Judge's Order.
OSC
213
Bio Inf.

L-29



U. S. Department of Justice

Executive Office for Immigration Review

*Office of the Immigration Judge*

4CAP

*1000 Second Avenue, Suite 2500*
*Seattle, Washington, 98104*

DATE:     May 21, 1996

FILE No. A27 290 441

Vet BUOT, Inmate No: 737154
c/o Tana Wood, Superintendent
Washington State Penitentiary
P. O. Box 520
Walla Walla, Washington  99362


IN THE MATTER OF:_____ VET BUOT _____

      Attached is a copy of the decision of the Immigration Judge.
This decision is final unless an appeal is filed with the Board of
Immigration Appeals on or before __June 3, 1996__, by returning
to the Immigration Court, a copy of the enclosed  Form EOIR-26,
Notice of Appeal, with a certificate of service, and with proof
that a fee of one hundred ten dollars ($110.00) has been paid to
the Immigration and Naturalization Service.

    *    Send the appeal to EOIR, Immigration Court, 1000 Second Avenue,
Suite 2500, Seattle, WA 98104.

    *  PLEASE NOTE: FEES ARE NOT ACCEPTED BY THE IMMIGRATION COURT!
If appeal is being handled by an attorney, s/he must also submit
a Form EOIR-27.

Sincerely,

*Arlean F. Fay*

Clerk, EOIR


cc:   Gregory E. Fehlings, Deputy District Counsel
      Immigration & Naturalization Service
      P. O. Box 3324
      Seattle, WA  98114

Judge Anna Ho

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE OF IMMIGRATION REVIEW
1000 SECOND AVENUE, SUITE 3150
SEATTLE, WASHINGTON 98104

| | | |
|---|---|---|
| In the Matter of | ) | |
| | ) | File No  A27 290 441 |
| Vet Buot, | ) | |
| | ) | MEMORANDUM OF LAW |
| Respondent | ) | |
| | ) | |

    The Respondent is currently scheduled for a hearing on his application for relief  under
Section 212(c) of the Immigration and Nationality Act   INS submits that the Respondent is no
longer eligible for relief because Section 440 of the Antiterrorism and Effective Death Penalty
Act, Pub. L  104-132, 110 Stat. 1214 (April 24, 1996), rendered Section 212(c) inapplicable to
the Respondent.  *Respondent has been convicted of aggravated assault with an axe and sentenced
to 105 months confinement*  Because aggravated assault is a crime of violence, he has been
convicted of an aggravated felony   He has committed a criminal offense covered in Section
241(a)(2)(A)(iii) of the Immigration and Nationality Act  Respondent has already admitted the
allegations and charges of deportability related to this subsection of Section 241 of the INA
INS has also submitted the Respondent's record of conviction.  The Antiterrorism and Effective
Death Penalty Act (AEDPA) makes 212(c) relief unavailable to aliens who have committed any
criminal offense covered by this section of the Immigration and Nationality Act

    Section 440 of the AEDPA eliminates the availability of Section 212(c) relief to an alien
who is deportable "by reason of having committed any criminal offense covered in section
241(a)(2) (A)(iii), (B), (C), or (D), or any offense covered by section 241(a)(2)(A)(ii) for which
both predicate offenses are covered by section 241(a)(2)(A)(i) "

    The President signed AEDPA into law at 3·05 p m , EST, April 24, 1996.  Although
many provisions amending the Immigration and Nationality Act contain effective dates, others
do not--including section 440   Where an act is silent as to the effective date of a provision, the

effective date is the date that it was signed by the President. <u>United States v King</u>, 948 F.2d 1227 (11th Cir 1991), <u>Demars v First Service Bank for Savings</u>, 907 F 2d 1237 (1st Cir 1990); <u>United States v. York</u>, 830 F.2d 885 (8th Cir. 1987). Therefore, AEDPA became effective at the time of signature, 3.05 p.m , EST, on April 24, 1996 <u>United States v Casson</u>, 434 F.2d 415, 417 (D.C. Cir 1970)

The amended law is applicable to this case, and to all pending cases involving applications for Section 212(c) relief. When a law is changed before a decision is handed down by an administrative agency, the agency must apply the new law. <u>See</u> <u>Ziffren v United States</u>, 318 U S 73 (1943); <u>Urbina-Mauricio v INS</u>, 989 1085, 1088 n. 4 (9th Cir 1993), <u>Talanoa v INS</u>, 397 F 2d 196, 200 (9th Cir 1968) Specifically, an application for admission to the United States is a continuing application, and admissibility is determined on the basis of the facts and the law at the time the application is finally considered. <u>Matter of Alarcon</u>, 20 I&N Dec. 557 (BIA 1992), <u>Matter of Kazemi</u>, 19 I&N Dec 49 (BIA 1984); <u>Matter of K-</u>, 9 I&N Dec. 143 (S.I O., BIA 1959, A G 1961), <u>aff'd sub nom Klapholz v. Esperdy</u>, 201 F.Supp. 294 (S D N Y 1961). Similarly, in deportation proceedings, "[a]n application for relief from deportation is an ongoing application and the law to be applied to that application is that existing at the time the final administrative decision is made " <u>Matter of U-M-</u>, 20 I&N Dec 327, 332 (BIA 1991), <u>aff'd sub nom Ubrina-Mauricio v INS</u>, 989 F.2d 1085 (9th Cir 1993), <u>Matter of A-A-</u>, 20 I&N Dec 492, 501 n 21 (BIA 1992). "In deportation proceedings, a final administrative decision does not exist until the Board renders its decision in the case on appeal or certification, or, where no appeal to the Board is taken, when the right to appeal is waived, or the time allotted for appeal has expired " <u>Matter of Alarcon</u>, 20 I&N Dec at 652. <u>See</u> <u>Matter of Lok</u>, 18 I&N Dec 101 (BIA 1981), <u>aff'd on other grounds sub nom Lok v INS</u>, 681 F.2d 107 (2d Cir 1982) The amended version of Section 212(c) applies to this case and all cases pending

Thus, for the reasons stated, the Respondent is ineligible for relief under Section 212(c) of the Immigration and Nationality Act

United States Department of Justice
Immigration & Naturalization Service

Date  May 6, 1996                    By _____
                                     GREGORY E. FEHLINGS
                                     DEPUTY DISTRICT COUNSEL
                                     INS LITIGATION SECTION
                                     POST OFFICE BOX 3324
                                     SEATTLE, WASHINGTON 98114
                                     (206) 553-5917

2

Lo26

## CERTIFICATION

I hereby certify that the foregoing document was mailed, postage prepaid, this date, to:

> Vet Buot
> Inmate No  737154
> Washington State Penitentiary
> Walla Walla, WA.  99362

Date: May 6, 1996

By. *Gregory E. Fehlings*
GREGORY E. FEHLINGS
INS DEPUTY DISTRICT COUNSEL
POST OFFICE BOX 3324
SEATTLE, WA  98114

3

L625

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SEATTLE, WASHINGTON

File: A 27/290/441          Date of Notice: 4/24/96

To: Vet BUOT

Inmate No: 737154

NOTICE OF HEARING IN DEPORTATION PROCEEDINGS

You are hereby notified that a hearing in this case is scheduled before
an Immigration Judge on Sept 25, 1996 at 10:00am at the
Wash St Penitentiary
Walla Walla WA

You may be represented in this proceeding at no expense to the Federal
Government by an attorney or other individual authorized to represent
persons in these proceedings. Your attorney or representative should
appear with you at the scheduled hearing. Enclosed with this notice is a
Form EOIR 28, Notice of Entry of Appearance as Attorney or
Representative, which your attorney or representative must present at the
hearing, or preferably, file in advance with the

IMMIGRATION COURT
1000 SECOND AVENUE, SUITE 2500
SEATTLE, WASHINGTON 98104-1046

ANYONE EXPECTING TO ENTER THE FACILITY IN ORDER TO APPEAR AT THE
IMMIGRATION HEARING IS SUBJECT TO CORRECTIONS DEPARTMENT POLICIES AND
PROCEDURES REGARDING ENTRY. CONTACT THE SECURITY OFFICE AT THIS PRISON
IN ADVANCE OF THE DAY OF THE HEARING FOR FURTHER SPECIFIC INFORMATION
ABOUT ENTRY GUIDELINES.

FOR INFORMATION REGARDING THE STATUS OF YOUR CASE, CALL TOLL FREE
1-800-898-7180.

Enclosure: Form EOIR 28

2Y

L024

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
Seattle, Washington

File No.:  A 27 290 441                    May 13, 1996

In the Matter of              )         ORDER RE
                              )   DEPORTATION PROCEEDINGS
VET BUOT,                     )
                              )
              Respondent      )


CHARGE:        Section 241(a)(02)(A)(iii), I&N Act [8 U.S.C.
               Section 1251(a)(2)(A)(iii)] conviction of an
               aggravated felony

APPLICATION:   Section 212(c), Waiver of Excludability


IN BEHALF OF RESPONDENT:              IN BEHALF OF INS:

Vet Buot, Pro Per                     Gregory E. Fehlings, Esq.
                                      P.O. Box 3324
                                      Seattle, WA 98114


ORDER OF THE IMMIGRATION JUDGE


        Respondent entered the United States as a refugee at or near

San Francisco, California on or about November 15, 1983.  On June

19, 1986, respondent adjusted to a permanent resident as of

November 15, 1983.  The Immigration and Naturalization Service

(hereinafter "INS") issued an Order to Show Cause (hereinafter

"OSC") on July 25, 1995,  charging Respondent with deportability

pursuant to Section 241(a)(02)(A)(iii) of the Immigration and

Nationality Act (hereinafter "The Act"), for an aggravated felony.

(Exhibit 1)

        On July 7, 1995, the respondent was convicted in the State of

Washington, of Assault in the First Degree. For that offense, respondent received a term of imprisonment for 105 months. (See Exhibit 1)

At deportation proceedings on December 7, 1995, the respondent conceded service of the charging document, admitted the allegations of fact and conceded deportability as charged in the Order to Show Cause. Based upon these admissions, I find that deportability has been established by clear, convincing and unequivocal evidence. Woodby v. INS, 385 U.S. 276 (1966); 8 C.F.R. 242.14(a). The Respondent did not designate a country of deportation. The Court designates Cambodia as a country of deportation, should that become necessary, since that is the country of respondent's nativity and citizenship. However, the respondent has requested relief available pursuant to Section 212(c) of the Act. Respondent submitted the Form I-191 on April 24, 1996 which is marked as Exhibit 2.

On May 7, 1996, the INS filed a Memorandum of Law in this case. The INS submits that the Respondent is no longer eligible for relief because Section 440 of the Antiterrorism and Effective Death Penalty Act, Pub. L. 104-132, 110 Stat. 1214 (April 24, 1996) rendered Section 212(c) inapplicable to the Respondent. Respondent has been convicted of aggravated assault with an axe and sentenced to 105 months confinement. Because aggravated assault is a crime of violence, he has been convicted of an aggravated felony. He has committed a criminal offense covered in Section 241(a)(2)(A)(iii) of the Immigration and Nationality Act. Respondent has already

2

admitted the allegations and charges of deportability related to these subsections of Section 241 of the INA.  The Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA") makes 212(c) relief unavailable to aliens who have committed any criminal offense covered by these sections of the Immigration and Nationality Act. ' (Exhibit 3A)

<div align="center">STATEMENT OF LAW</div>

On April 24, 1996, the President of the United States, signed the Antiterrorism and Effective Death Penalty Act, (hereinafter "AEDPA") Pub. L. 104-132, 110 Stat. 1214.  Section 440 of the AEDPA rendered 212(c) relief inapplicable to the respondent.

The amended Section 212(c) states as follows:

> "Aliens lawfully admitted for permanent residence
> who temporarily proceeded abroad voluntarily and
> not under an order of deportation, and who are
> returning to a lawful unrelinquished domicile
> of seven consecutive years, may be admitted in
> the discretion of the Attorney General without
> regard to the provisions of subsection (a) other
> than paragraphs (3) and (9)(C)).  Nothing
> contained in this subsection shall limit the
> Authority of the Attorney General to exercise
> the discretion vested in him under Section 211(b).
> This subsection shall not apply to an alien who
> is deportable by reason of having committed any
> criminal offenses covered in Section 241(a)(2)
> (A)(iii), (B), (C), or (D), or any offense
> covered by Section 241(a)(2)(A)(ii) for which
> both predicate offenses are covered by Section
> 241(a)(2)(A)(i)." [Emphasis added]

Section 440 of the AEDPA eliminates the availability of Section 212(c) relief to an alien who is deportable "by reason of having committed any criminal offense covered in Section 241(a)(2)(A)(iii), (B), (C), or (D), or any offense covered by section 241(a)(2)(A)(ii) for which both predicate offenses are

<div align="center">3</div>

<div align="center">Lo21</div>

covered by Section 241(a)(2)(A)(i)."

The Amended Section 212(c) specifically states that the section is "effective for <u>applications adjudicated after the date of enactment of the AEDPA</u>." [Emphasis added] [Amended by AEDPA, Sections 431 and 441] The construction of this section must be by the plain meaning of the words "applications adjudicated after the date of enactment of the AEDPA". In all cases involving statutory construction, the starting point must be the language employed by Congress.  The courts have always held "that the legislative purpose is expressed by the ordinary meaning of the words used." <u>American Tobacco Co. v. Patterson</u>, 456 U.S.63, 102 S.Ct. 1534 (1982), <u>Reiter v. Sonotone Corp</u>, 442 U.S. 330, 337, 99 S.Ct. 2326 (1979), <u>INS v. Phinpathya</u>, 464 U.S. 183, 188, 104 S.Ct. 584 (1984).

Since Congress specifically provided for the effective date of Section 212(c) relief to be applicable for applications adjudicated after the date of enactment of the AEDPA, respondent is ineligible for this relief, since the application is being adjudicated after April 24, 1996.

The respondent has committed a criminal offense covered in Section 241(a)(2)(A)(iii) [aggravated felony].   The AEDPA makes 212(c) relief unavailable to aliens who have committed any criminal offense  covered  by  these  sections  of  the  Immigration  and Nationality Act.

The amended law is applicable in this case, and to all cases where the 212(c) relief has yet to be adjudicated.  When a law is

4

changed before a decision is handed down by an administrative agency, the agency must apply the new law.  See Ziffren v. United States, 381 U.S. 73 (1943); Urbina-Mauricio v. INS, 989 F.2d 989, 1985, 1088 n.4 (9th Cir. 1993); Talanoa v. INS, 397 F.2d 196, 200 (9th Cir. 1968).  Specifically, an application for admission to the United States is a continuing application, and admissibility is determined on the basis of the facts and the law at the time the application is finally considered.  Matter of Alarcon, 20 I&N Dec. 557 (BIA 1992).  Similarly, in deportation proceedings, "[a]n application for relief from deportation is an ongoing application and the law to be applied to the application is that existing at the time the final administrative decision is made."  Matter of U-M-, 20 I&N Dec. 327, 332 (BIA 1991) aff'd sub nom Ubrina-Mauricio v. INS, 090 F.2d 1085 (9th Cir. 1993); Matter of A-A-, 20 I&N Dec. 492, 501 n. 21 (BIA 1992).

Section 212(c) by its terms applies to lawful permanent residents (LPR) who have proceeded abroad and who are returning to this country.  Congress has clearly removed availability of the 212(c) waiver to "an alien who is deportable by reason of having committed any offense covered" by certain grounds of deportability.

Accordingly, the Court finds that the respondent is deportable and no issues remain before the Court.  Respondent is ineligible to file a waiver under the Amended Section 212(c).

5

Lo19

## ORDER

IT IS HEREBY ORDERED that the Respondent's request to file an application for a waiver under Section 212(c) be pretermitted.

IT IS FURTHER ORDERED that respondent be deported from the United States to Cambodia on the charge set forth in the Order to Show Cause.

ANNA HO
Immigration Judge

Lo18

CERTIFIED
COPY

FILED

1995 MAY 17 PM 3: 50

KING COUNTY
SUPERIOR COURT CLERK
SEATTLE, WA

SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

THE STATE OF WASHINGTON,        )
                                )
                    Plaintiff,  )   No.  95-1-03640-2
                                )
        v.                      )   INFORMATION
VET BUOT                        )
                                )
                                )
                                )
                                )
                    Defendant.  )
_____)

    I, Norm Maleng, Prosecuting Attorney for King County in the name and by the authority of the State of Washington, do accuse VET BUOT of the crime of **Assault in the First Degree**, committed as follows.

    That the defendant VET BUOT in King County, Washington, on or about May 14, 1995, with intent to inflict great bodily harm, did assault Leng Yim, with a deadly weapon, to-wit:  a blow to the head with an axe,

    Contrary to RCW 9A 36.011(1)(a), and against the peace and dignity of the State of Washington.

    And I, Norm Maleng, Prosecuting Attorney for King County in the name and by the authority of the State of Washington further do accuse the defendant VET BUOT at said time of being armed with a deadly weapon, to-wit: an axe, under the authority of RCW 9.94A.125.

                        NORM MALENG
                        Prosecuting Attorney

                        By. _Craig Peterson for_
                        Kristin J. Chandler, WSBA #91002
                        Deputy Prosecuting Attorney

INFORMATION- 1

Norm Maleng
Prosecuting Attorney
W 554 King County Courthouse
Seattle, Washington 98104-2312
(206) 296-9000

Lo17

1          CAUSE NO. 95-1-03640-2

2

3          CERTIFICATION FOR DETERMINATION OF PROBABLE CAUSE

4          That Kristin J. Chandler is a Deputy Prosecuting Attorney for
   King County and is familiar with the police report and investigation
   conducted in Seattle Police Department case No. 95-214522,

5

6          That this case contains the following upon which this motion
   for the determination of probable cause is made;

7          On May 14, 1995, at approximately 12;40 a.m , Leng Yim was
   attending a wedding reception which was being held at King's Plaza,
8  located at 7101 Martin Luther King Way South in Seattle, King
   County, Washington.  Mr. Yim had just gone to the bathroom when the
9  defendant, Vet Bout, approached him, pulled out a double-bladed axe
   from the waistband of his pants, and struck Mr. Yim once in the
10 head.    Mr   Yim  fell  to  the  ground,  unconscious  and  bleeding
   profusely.  He was taken to Harborview Medical Center by ambulance,
11 where he was treated for an open, depressed skull fracture.

12         Chamroeu  Suon  was  working  as  a  security  guard  for  the
   restaurant where the reception was held. Mr. Suon saw the defendant
13 hit Mr  Yim in the head with the axe, and then repeatedly kick him
   as he lay bleeding on the floor.  Several guests also witnessed the
14 assault.   The defendant ran outside and jumped into his car and
   locked the driver's door.  Seattle Police Officer Myers was flagged
15 down by guests as they attempted to keep the defendant from leaving
   the area.   Some of the guests believed Mr. Yim to be dating the
16 defendant's ex-girlfriend, which may have been a motivation to the
   assault.

17

18         Officer Myers approached the defendant and ordered him out of
   the car.   The defendant refused and repeatedly attempted to pull
19 away from Officer Myers while he was being taken from the car.  A
   double-bladed axe with fresh blood on the blade was located in the
20 defendant's car.

21         The defendant was arrested and read his Miranda warnings.  The
   defendant initially told Officer Suzanne Parton he carried the axe
22 for protection and thought he was going to be jumped so he took out
   the axe.    The defendant told Officer Parton, Mr. Yim "took his
23 girlfriend."    The  defendant  later  told  Detective  Ciesynski  he
   retrieved the axe from his car and struck Mr. Yim once in the head.
24 The defendant denied knowing Mr. Yim or kicking him.   He denied
   knowing Mr. Yim to be dating his ex-girlfriend.  The defendant told
25 Detective Ciesynski he thought Mr. Yim wanted to fight "by the look
   in his eye."

Certification for Determination
of Probable Cause - 1

Norm Maleng
Prosecuting Attorney
W 554 King County Courthouse
Seattle Washington 98104-2312
(206) 296-9000

Lo16

1    Several witnesses were reluctant or refused to give statements
to the police for fear of retaliation, but none reported seeing
2  Mr. Yim confront the defendant in any way.

3    The State requests bail be set in the amount of $50,000, the
same amount set by the Court at the defendant's first appearance,
4  and a no contact order be entered with Leng Yim.  The defendant's
complete criminal history is unknown at this time and his only
5  reference could not verify any information.

6  Under penalty of perjury under the laws of the State of Washington,
I certify that the foregoing is true and correct.  Signed and dated
7  by me this  17  day of May, 1995, at Seattle, Washington.

8

9

10                              Cvcīc Petersn fr
                          Kristin J. Chandler, WSBA #91002
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Certification for Determination          Norm Maleng
of Probable Cause - 2                     Prosecuting Attorney
                                          W 554 King County Courthouse
                                          Seattle, Washington 98104-2312
                                          (206) 296-9000

Lois

# SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

| | | | |
|---|---|---|---|
| STATE OF WASHINGTON | ) | | |
| | ) | No 95-1-03640-2 | |
| Plaintiff, | ) | | |
| | ) | JUDGMENT AND SENTENCE | |
| v. | ) | | |
| | ) | | |
| VET BOUT | ) | | |
| | ) | | |
| Defendant | ) | | |

## I. HEARING

1 1 The defendant, the defendant's lawyer, __GARY DAVIS_____, and the deputy prosecuting attorney were present at the sentencing hearing conducted today  Others present were: _____

1 2 The state has moved for dismissal of count(s) _____

## II. FINDINGS

Based on the testimony heard, statements by defendant and/or victims, argument of counsel, the presentence report(s) and case record to date, and there being no reason why judgment should not be pronounced, the court finds·

2 1 CURRENT OFFENSE(S)· The defendant was found guilty on (date) __06-21-95_____ by plea of

| | |
|---|---|
| Count No · __I__ | Crime. __ASSAULT IN THE 1ST DEGREE__ |
| RCW __9A.36 011 1 A__ | Crime Code __01010__ |
| Date of Crime __05-14-95__ | Incident No. _____ |

| | |
|---|---|
| Count No _____ | Crime· _____ |
| RCW _____ | Crime Code _____ |
| Date of Crime _____ | Incident No _____ |

| | |
|---|---|
| Count No _____ | Crime· _____ |
| RCW _____ | Crime Code _____ |
| Date of Crime _____ | Incident No _____ |

☐ Additional current offenses are attached in Appendix A.

SPECIAL VERDICT/FINDING(S):

(a) ☐ A special verdict/finding for being armed with a deadly weapon was rendered on Count(s) _____

(b) ☐ A special verdict/finding was rendered that the defendant committed the crimes(s) with a sexual motivation in Count(s) _____

(c) ☐ A special verdict/finding was rendered for Violation of the Uniform Controlled Substances Act offense taking place ☐ in a school zone ☐ in a school ☐ on a school bus ☐ in a school bus route stop zone ☐ in a public park ☐ in a public transit vehicle ☐ in a public transit stop shelter in Count(s) _____

(d) ☐ Vehicular Homicide ☐ Violent Offense (D W I and/or reckless) or ☐ Nonviolent (disregard safety of others)

(e) ☐ Current offenses encompassing the same criminal conduct and counting as one crime in determining the offender score (RCW 9 94A 400(1)(a)) are _____

2 2 OTHER CURRENT CONVICTION(S): Other current convictions listed under different cause numbers used in calculating the offender score are (list offense and cause number) _____
(Current offenses not listed here are not encompassed)

2.3  CRIMINAL HISTORY: Prior convictions constituting criminal history for purposes of calculating the offender score are
(RCW 9.94A 360)

| | Crime | Sentencing Date | Adult or Juv. Crime | Cause Number | Location |
|---|---|---|---|---|---|
| (a) | | | | | |
| (b) | | | | | |
| (c) | | | | | |
| (d) | | | | | |

☐ Additional criminal history is attached in Appendix B.

☐ Prior convictions (offenses committed before July 1, 1986) served concurrently and counted as one offense in determining the offender score are (RCW 9 94A.360(6)(c)) _____

☐ One point added for offense(s) committed while under community placement for count(s) _____

2 4  SENTENCING DATA:

| | OFFENDER SCORE | SERIOUSNESS LEVEL | RANGE | MAXIMUM TERM |
|---|---|---|---|---|
| Count I | 0 | XII | 105 TO 135 MONTHS | LIFE AND/OR $50,000 |
| Count | | | | |
| Count | | | | |

☐ Additional current offense sentencing data is attached in Appendix C.

2 4  EXCEPTIONAL SENTENCE:

☐ Substantial and compelling reasons exist which justify a sentence above/below the standard range for Count(s) ____

Findings of fact and conclusion(s) are attached in Appendix D

### III. JUDGMENT

IT IS ADJUDGED that defendant is guilty of the current offenses set forth in Section 2 1 above and Appendix A
☐ The Court DISMISSES Count(s) _____

### IV. ORDER

IT IS ORDERED that the defendant serve the determinate sentence and abide by the other terms set forth below

4 1  RESTITUTION AND VICTIM ASSESSMENT:

☐ Defendant shall pay restitution to the Clerk of this Court as set forth in attached Appendix E.

☐ Defendant shall not pay restitution because the Court finds that extraordinary circumstances exist. and the court, pursuant to RCW 9.94A.142(2), sets forth those circumstances in attached Appendix E.

☒ Restitution to be determined at future hearing on (Date) 8·29· 95 at 8 ·45 a m ☐ Date to be set
☒ Defendant waives presence at future restitution hearing(s)

Defendant shall pay $100 Victim Assessment, pursuant to RCW 7 68 035.

4.2  OTHER FINANCIAL OBLIGATIONS: Having considered the defendant's present and likely future financial resources, the Court concludes that the defendant has the present or likely future ability to pay the financial obligations imposed The Court waives financial obligation(s) that are checked below because the defendant lacks the present and future ability to pay them. Defendant shall pay the following to the Clerk of this Court·

(a) ☐ $_____, Court costs; ☒ Court costs are waived;

(b) ☐ $_____, Recoupment for attorney's fees to King County Public Defense Programs. 2015 Smith Tower, Seattle, WA 98104 ☒ Recoupment is waived (RCW 10 01.160),

(c) ☐ $_____, Fine; ☐ $1,000, Fine for VUCSA, ☐ $2,000, Fine for subsequent VUCSA; ☐ VUCSA fine waived (RCW 69 50 430),

(d) ☐ $_____, King County Interlocal Drug Fund ☐ Drug Fund payment is waived·

(e) ☐ $_____, State Crime Laboratory Fee, ☐ Laboratory fee waived (RCW 43 43 690).

(f) ☐ $_____, Incarceration costs; ☐ Incarceration costs waived (9 94A 145(2));

(g) ☐ $_____, Other cost for _____.

4 3  PAYMENT SCHEDULE: Defendant's TOTAL FINANCIAL OBLIGATION is· $ __100__ The payments shall be made to the King County Superior Court Clerk according to the rules of the Clerk and the following terms ☐ Not less than $_____ per month; ☒ On a schedule established by the defendant's Community Corrections Officer ☐ · _____ The defendant shall remain under the Court's jurisdiction and the supervision of the Department of Corrections for up to ten years from date of sentence or release from confinement to assure payment of financial obligations.

4 4  CONFINEMENT OVER ONE YEAR. Defendant is sentenced to a term of total confinement in the custody of the Department of Corrections as follows, commencing ☒ Immediately; ☐ (Date) _____ by _____ m

_____105_____ _____ months/days on Count No. _____

_____ months/days on Count No _____

_____ months/days on Count No _____

The terms in Count(s) No _____ are concurrent/consecutive
The sentence herein shall run concurrently/consecutively with the sentence in cause number(s) _____
_____ but consecutive to any other cause not referred to in this Judgment

Credit is given for ☒ ___55___ days served ☐ days as determined by the King County Jail solely for conviction under this cause number pursuant to RCW 9.94A.120(13)

4 5  ☐ NO CONTACT· For the maximum term of _____ years, defendant shall have no contact
with ___Lem ving___
Violation of this no contact order is a criminal offense under chapter 10.99 RCW and will subject a violator to arrest; any assault or reckless endangerment that is a violation of this order is a felony.

4 6  BLOOD TESTING: (sex offense, violent offense, prostitution offense, drug offense associated with the use of hypodermic needles) Appendix G is a blood testing and counseling order that is part of and and incorporated by reference into this Judgment and Sentence.

4 7  COMMUNITY PLACEMENT: Community Placement is ordered for sex offense, serious violent offense, second degree assault, deadly weapon finding, Chapter 69 50 or 69 52 RCW offense, and standard mandatory conditions are ordered   Community placement is ordered for the maximum period of time provided by law. ☒ Appendix H (for additional conditions) is attached and incorporated by reference in this Judgment and Sentence.

4 8  ☐ WORK ETHIC CAMP: The court finds that the defendant is eligible for work ethic camp and is likely to qualify under Sec  4(3), Chap  338, Laws of 1993 and the Court recommends that the defendant serve the sentence at a work ethic camp  If the defendant successfully completes the program, the Department of Corrections shall convert the period of work ethic camp confinement at the rate of one day of work ethic camp confinement to three days of total standard confinement  Upon completion of the work ethic camp program, the defendant shall be released on community custody for any remaining time of total confinement.

4.9  ☐ SEX OFFENDER REGISTRATION (sex offender crime conviction) Appendix J is attached and incorporated by reference into this Judgment and Sentence

4 10   ☐ OTHER· _____
_____

The defendant shall report to an assigned Community Corrections Officer upon release from confinement for monitoring of the remaining terms of this sentence.

Date ____JUL 7 - 1995____

Presented by·

_Deputy Prosecuting Attorney,_
Office WSBA ID #91002

Judge, King County Superior Court
Approved as to form

Attorney for Defendant, WSBA # 17029



RIGHT HAND
FINGERPRINTS OF:

DEFENDANT'S SIGNATURE: X _VET_
DEFENDANT'S ADDRESS: _____

VET BUOT

DATED: **JUL 0 7 1995**

_Richard M. Ishikawa_
JUDGE, KING COUNTY SUPERIOR COURT

ATTESTED BY:
M. JANICE MICHELS, SUPERIOR COURT CLERK
   BY: _Melody Byrd_
            DEPUTY CLERK

---

CERTIFICATE

I, _____,
CLERK OF THIS COURT, CERTIFY THAT
THE ABOVE IS A TRUE COPY OF THE
JUDGEMENT AND SENTENCE IN THIS
ACTION ON RECORD IN MY OFFICE
DATED: _____

_____
        CLERK

BY: _____
     DEPUTY CLERK

OFFENDER IDENTIFICATION

S.I.D. NO. WA17148257

DATE OF BIRTH: FEBRUARY 1, 1969

SEX: M

RACE: ASIAN

PAGE 4 - FINGERPRINTS

Loll

# SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON       )

                  )
             Plaintiff,  )

                  )
         v.           )

                  )
VET BOUT              )

                  )
            Defendant.  )

No 95-1-03640-2

APPENDIX G
ORDER FOR BLOOD TESTING
AND COUNSELING

(1) ☐ HIV TESTING AND COUNSELING:

    (Required for defendant convicted of sexual offense, drug offense associated with the use of hypodermic needles, or prostitution related offense committed after March 23, 1988. RCW 70 24.340)

    The Court orders the defendant contact the Seattle-King County Health Department and participate in human immunodeficiency virus (HIV) testing and counseling in accordance with Chapter 70 24 RCW. The defendant, if out of custody, shall promptly call Seattle-King County Health Department at 296-4848 to make arrangements for the test to be conducted within 30 days

(2) ☒ DNA IDENTIFICATION:

    (Required for defendant convicted of sexual offense or violent offense.  RCW 43 43 754)

    The Court orders the defendant to cooperate with the King County Department of Adult Detention and/or the State Department of Corrections in providing a blood sample for DNA identification analysis  The defendant, if out of custody, shall promptly call the King County Jail at 296-1226 between 8 00 a m  and 1 00 p m , to make arrangement for the test to be conducted within 15 days

If both (1) and (2) are checked, two independent blood samples shall be taken.

Date ____JUL 7 - 1995____

_____
Judge, King County Superior Court

APPENDIX G

Rev 10/11/93

# SUPERIOR COURT OF WASHINGTON FOR KING COUNTY

STATE OF WASHINGTON,                          )
               Plaintiff,         )
                            )   No 95-1-03640-2
                            )
v                            )   APPENDIX H
                            )   COMMUNITY PLACEMENT
        BUOT, Vet              Defendant,)
                            )

The Court having found the defendant guilty of offense(s) qualifying for community placement, it is further ordered as set forth below

4 5   Community Placement: Defendant additionally is sentenced on convictions herein, for each sex offense and serious violent offense committed on or after 1 July 1990 to community placement for two years or up to the period of earned release awarded pursuant to RCW 9.94A.150(1) and (2) whichever is longer and on conviction herein for an offense categorized as a sex offense or a serious violent offense committed after July 1, 1988, but before July 1, 1990, assault in the second degree, any crime against a person where it is determined in accordance with RCW 9 94A 125 that the defendant or an accomplice was armed with a deadly weapon at the time of commission, or any felony offense under chapter 69.50 or 69.52 RCW, committed on or after July 1, 1988, to a one-year term of community placement

Community placement is to begin either upon completion of the term of confinement or at such time as the defendant is transferred to community custody in lieu of early release.
(a) Defendant shall comply with the following conditions during the term of community placement·
    (1) Report to and be available for contact with the assigned community corrections officer as directed;
    (2) Work at Department of Corrections-approved education, employment, and/or community service,
    (3) Not consume controlled substances except pursuant to lawfully issued prescriptions;
    (4) While in community custody not unlawfully possess controlled substances.
    (5) Pay community placement fees as determined by the Department of Corrections,
    (6) Receive prior approval for living arrangements and residence location, and
    (7) Do not own, use or possess firearms or ammunitions
The following conditions listed under 4 5(a) are hereby waived by the court: _____

_____

_____

(b) Detendant shall comply with the following other conditions during the term of community placement

8    Do not purchase, possess or use alcohol (beverage or medicinal) and submit to testing and searches of your person, residence and vehicle by the Community Corrections Officer to monitor compliance _____

9    Do not enter any business where alcohol is the primary commodity for sale _____

10    Do not purchase, possess, control or use any firearm or deadly weapon and submit to searches of your person, residence and vehicle by the Community Corrections Officer to monitor compliance _____

11    Do not have direct or indirect contact with Leng Yim _____

12    Engage in and successfully complete anger management therapy with a qualified provider, as approved and directed by the Community Corrections Officer _____

Appendix H, page 2

13    Do not be without full-time employment and/or training as approved and directed by the Community Corrections
Officer

Date:    JUL 7 - 1995

JUDGE, KING COUNTY SUPERIOR COURT

APPENDIX H - COMMUNITY PLACEMENT

L○○8

**U.S. Department of Justice**

Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

# ORDER TO SHOW CAUSE AND NOTICE OF HEARING
# *(ORDEN DE PRESENTAR MOTIVOS JUSTIFICANTES Y AVISO DE AUDIENCIA)*

In Deportation Proceedings under section 242 of the Immigration and Nationality Act
*(En los trámites de deportación a tenor de la sección 242 de la Ley de Inmigración y Nacionalidad )*

**United States of America:**
**(Estados Unidos de América:)**

**File No.**   A27 290 441
*(No. de registro)*

**Dated**   July 25, 1995
**(Fechada)**

In the matter of
*(En el asunto de)*
Address
*(Dirección)*

BUOT, Vet
(aka) BOUT, Vet (DOC #737154)                                        (Respondent)
c/o  Washington State Corrections Center      (Demandado)
     Post Office Box 900

     Shelton, WA.  98584

Telephone No (Area Code)      (360) 426-4433
*(No de teléfono y código de área)*

Upon inquiry conducted by the Immigration and Naturalization Service, it is alleged that
*(Según las indagaciones realizadas por el Servicio de Inmigración y Naturalización, se alega que )*

1) You are not a citizen or national of the United States,
   *(Ud no es ciudadano o nacional de los Estados Unidos)*

2) You are a native of ___Cambodia___ and a citizen of ___Cambodia___ ,
   *(Ud es nativo de)*          *(y ciudadano de)*          (15 de Noviembre, 1983)

3) You entered the United States at or near San Francisco, California on or about November 15, 1983 ,
   *(Ud entró a los Estados Unidos en o cerca de)*          *(el día o hacia esa fecha)*

4) At that time you entered as a refugee.
   (En ese momento Ud. entro como un refugiado.)

5) On June 19, 1986, you were accorded the status of a permanent resident as of November 15,
   1983.
   (En el 19 de Junio, 1986, Ud. fue acuerdado estados como un residente permanente desde
   el 15 de Noviembre, 1983.)

6) You were on July 7, 1995, convicted in the Superior Court of Washington for King
   County, for the offense of Assault in the First Degree.
   (Ud. resulto convicto el 7 de Julio, 1995, en el Tribunal Superior de Washington,
   Condado de King, por el delito de Asalto en el Primer Grado.)

7) For that offense, the term of imprisonment imposed was 105 months.
   (Por ese delito, el termino de confinamiento impuesto fue de 105 meses.)

Form I 221 (Rev 6/12/92) N

Loo7

Page 1

**U.S. Department of Justice**
Immigration and Naturalization Service

Order to Show Cause and Notice of Hearing

---

|  |  |
|---|---|
| BUOT, Vet | Dated   July 25, 1995 |
| Respondent (aka) BOUT, Vet (DOC #737154) | (Fechada) |
| (Demandado) | File No   A27 290 441 |
|  | (No. de registro) |

**AND** on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the following provision(s) of law.

*(Y segun los alegatos anteriores, se le acusa de estar sujeto a deportacion de acuerdo con la(s) siguiente(s) disposicion(es) de la ley.)*

1) Section 241 (a) (2) (A) (iii) of the Immigration and Nationality Act (Act), as amended, in that, at any time after entry, you have been convicted of an aggravated felony as defined in Section 101 (a) (43) of the Act, to wit: a crime of violence (as defined in Section 16 of Title 18, United States Code, not including a purely political offense), for which a term of imprisonment imposed was five years or more.
(Seccion 241 (a) (2) (A) (iii) de la Ley de Inmigracion y Nacionalidad (INA), segun enmendada, en que, en algun momento despues de su entrada, Ud. ha resultado convicto de un felonia agravada, segun se define en la Seccion 101 (a) (43) de la INA, a saber: un delito de violencia (segun se define en la Seccion 16 del Titulo 18, Codigo de los Estados Unidos, que no incluye un delito puramente politico), por el cual fue impuesto un termino de confinamiento de cinco anos o mas.)

**WHEREFORE, YOU ARE ORDERED** to appear for a hearing before an Immigration Judge of the Executive Office for Immigration Review of the United States Department of Justice at

*(POR LO CUAL, SE LE ORDENA comparecer ante un juez de inmigracion de la Oficina Ejecutiva de Revision de Inmigracion del Departamento de Justicia de los Estados Unidos en )*

Address   To be calendared and notice provided by the Office of the Immigration Judge.
Notice will be mailed to the address provided by the Respondent.
(Dirección)  (La oficina del juez de inmigracion enviara un aviso a la direccion facilitada
On  el demandado con la fecha de la audiencia.)      At
(Fecha)                                 (Hora)             m

and show cause why you should not be deported from the United States on the charge(s) set forth above
*(y mostrar motivos justificantes por cual no deberia ser deportado de los Estados Unidos por los cargos expresados anteriormente )*

| | |
|---|---|
| Dated   July 25, 1995 | Signature of Issuing Officer |
| (Fechada) | (Firma del funcionario que la expide) |

| | |
|---|---|
| City and State of Issuance Seattle, Washington | Title of Issuing Officer   District Director |
| (Ciudad y Estado donde se expide) | (Titulo del funcionario que la expide) |

This Order to Show Cause shall be filed with the Immigration Judge of the Executive Office for Immigration Review at the address provided below   You must report any changes of your address or telephone number in writing to this office

Debe presentar esta Orden de Presentar Motivos Justificantes a la Oficina Ejecutiva de Revisión de Inmigración en la siguiente dirección.   Debe notificar cualquier cambio de su domicilio o número de teléfono por escrito a

### The Office of the Immigration Judge

## 1000 Second Avenue Suite 3150

## Seattle, Wa. 98104

### Certificate of Translation and Oral Notice

This Order to Show Cause ☐ was   ☒ was not   read to the named alien in the _____SPANISH_____ language, which is his/her native language or a language which he/she understands.

| Date | Signature | Printed Name and Title of Translator |
|---|---|---|

Address of Translator (If other than INS employee) or office location and division (if INS employee)
        BY CERTIFIED MAIL
(If oral notice was not provided please explain)

| Manner of Service | Alien's Right Thumb Print |
|---|---|
| ☐ Personal Service to Alien | |
| ☒ Certified Mail - Return Receipt Requested | |
| ☒ Alien | |
| ☐ Counsel of Record | |

### Certificate of Service

This Order to Show Cause was served by me at _____ on _____September 01,_____ 19 95
at _____ m.

_Mary Whitney_   Mary Whitney       Investigation Assistant     Seattle, WA
Officer's Signature       Printed Name            Title              Office

Alien's Signature (acknowledgment/receipt of this form)
*(Firma de extranjero/acuse de recibo)*

### Request for Prompt Hearing and Waiver of 14-Day Minimum Period
### *(Solicitud de audiencia inmediata y renuncia al plazo mínimo de 14 días)*

To expedite determination of my case, I request an immediate hearing, and waive my right to the 14 day notice
*(Para agilizar la decisión sobre mi caso, solicito una audiencia inmediata y renuncio a mi derecho a un plazo mínimo de 14 días )*

| Signature of Respondent *(Firma de demandado)* | Date *(Fecha)* |
|---|---|

Form I-221 (Rev 6/12/92) N

L005

UNITED STATE DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SEATTLE, WA

*S-BUOT, VET
C/O TANA WOOD — SUPERINTENDENT
W.S.P.       PO BOX 520
WALLA WALLA, WA  99362
INMATE NO:  737154

## NOTICE OF HEARING IN DEPORTATION PROCEEDINGS

DATE OF NOTICE:  Mar 15, 1996
FILE: A27-290-441

You are hereby notified that a hearing in this case is scheduled
before an Immigration Judge on
Apr 24, 1996          at  8:00 A.M. at the

WASHINGTON DEPARTMENT OF CORRECTIONS
WASHINGTON STATE PENITENTIARY
WALLA WALLA, WA  99362

You may be represented in this proceeding at no expense to the Federal
Government by an attorney or other individual authorized to represent
persons in these proceedings.  Your attorney or representative should appear
with you at the scheduled hearing.  Enclosed with this notice is a
Form EOIR 28, "Notice of Entry of Appearance as Attorney or Representative",
which your attorney or representative must present at the hearing, or
preferably, file in advance with the

IMMIGRATION COURT
1000 SECOND AVENUE, SUITE 2500
SEATTLE, WA  98104

Also enclosed with this notice are the name(s), address(es) and
telephone number(s) of legal organization(s) which can be contacted
for free legal assistance by individuals who qualify.

ANYONE EXPECTING TO ENTER THE FACILITY IN ORDER TO APPEAR AT THE IMMIGRATION
HEARING IS SUBJECT TO CORRECTIONS DEPARTMENT POLICIES AND PROCEDURES REGARDING
ENTRY.  CONTACT THE SECURITY OFFICE AT THIS PRISON IN ADVANCE OF THE DAY OF THE
HEARING FOR FURTHER SPECIFIC INFORMATION ABOUT ENTRY GUIDELINES.
    FOR INFORMATION REGARDING THE STATUS OF YOUR CASE, CALL TOLL FREE
1-800-898-7180.

Enclosures:  Free legal service information                    2Y
             Form EOIR 28

CDA

Loo4

UNITED STATE DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SEATTLE, WA

*S-BUOT, VET
C/O TANA WOOD  -- SUPERINTENDENT
W.S.P.   PO BOX 520
WALLA WALLA, WA  99362
INMATE NO:  737154

NOTICE OF HEARING IN DEPORTATION PROCEEDINGS

DATE OF NOTICE:  Dec 27, 1995
FILE: A27-290-441

You are hereby notified that a hearing in this case is scheduled
before an Immigration Judge on
Feb 15, 1996        at  8:00 A.M. at the

WASHINGTON DEPARTMENT OF CORRECTIONS
WASHINGTON STATE PENITENTIARY
WALLA WALLA, WA  99362

You may be represented in this proceeding at no expense to the Federal
Government by an attorney or other individual authorized to represent
persons in these proceedings.  Your attorney or representative should appear
with you at the scheduled hearing.  Enclosed with this notice is a
Form EOIR 28, "Notice of Entry of Appearance as Attorney or Representative",
which your attorney or representative must present at the hearing, or
preferably, file in advance with the

OFFICE OF THE IMMIGRATION JUDGE
1000 SECOND AVENUE, SUITE 2500
SEATTLE, WA  98104

Also enclosed with this notice are the name(s), address(es) and
telephone number(s) of legal organization(s) which can be contacted
for free legal assistance by individuals who qualify.

.... TO ENTER THE FACI .... TO ORDER IC .. PEAR AT THE IMMIGRATION
.. SUBJECT TO CORRECTIONS DEPARTMENT POLICIES AND PROCEDURES REGARDING
.... THE SECURITY OFFICE AT THIS PRISON IN ADVANCE OF THE DAY OF THE
.... OTHER SPECIFIC INFOR .... ABOUT ENTRY GUIDELINES.
FOR INFORMATION REGARDING THE STATUS OF YOUR CASE, CALL TOLL FREE
1-800-898-7180.

2Y

Enclosures:  Free legal service information
             Form EOIR 28

CDA

Loo3



UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
OFFICE OF THE IMMIGRATION JUDGE
1000 Second Ave., Suite 2500
Seattle, WAshington  98104

Date: 12/7/95                  A# 27-290-441

TO:  The Respondent/Applicant  Vet BUOT

NOTICE OF HEARING TO ALIEN IN IMMIGRATION PROCEEDINGS

        MASTER HEARING  X       INDIVIDUAL HEARING _____

PLEASE NOTE THAT THE ABOVE-CAPTIONED CASE WILL BE HEARD BY AN IMMIGRATION
JUDGE ON  Februany 15, 1996, AT THE LOCATION INDICATED BELOW:

(Please note that all dates are stated in Month/Day/Year format.)

_____  WASHINGTON STATE REFORMATORY, MONROE, WASHINGTON  98262

  X    WASHINGTON STATE PENITENTIARY, WALLA WALLA, WASHINGTON  99362

_____  AIRWAY HEIGHTS CORRECTIONS CENTER, AIRWAY HEIGHTS, WA  99001

AT  8:00  AM/PM.

NOTE:  YOU MAY BE REPRESENTED IN THIS PROCEEDING, AT NO EXPENSE TO THE
       GOVERNMENT, BY AN ATTORNEY OR OTHER INDIVIDUAL AUTHORIZED AND QUALIFIED
       TO REPRESENT ALIENS BEFORE AN IMMIGRATION JUDGE.  IF YOU WISH TO BE SO
       REPRESENTED, YOUR ATTORNEY OR REPRESENTATIVE SHOULD APPEAR WITH YOU
       ANDOSUBMIT A NOTICE OF APPEARANCE, FORM EOIR-28.

FAILURE TO APPEAR MAY RESULT IN ANY OR ALL OF THE FOLLOWING:

    1.  FORFEITURE OF YOUR BOND IF YOU ARE IN DEPORTATION PROCEEDINGS.
    2.  YOUR HEARING BEING HELD IN YOUR ABSENCE UNDER SEC. 242(b) OF THE
        IMMIGRATION AND NATIONALITY ACT.
    3.  AN ORDER OF DEPORTATION/EXCLUSION BEING ENTERED AGAINST YOU.
    4.  ISSUANCE OF A WARRANT FOR YOUR ARREST AND DEPORTATION.
    5.  IF YOU ARE AN APPLICANT IN EXCLUSION PROCEEDINGS, YOUR APPLICATION
        FOR ADMISSION MAY BE CONSIDERED WITHDRAWN.

APPLICATION I-191/I-256A/I-485/I-589 DUE BY:  Feb. 15, 1996.

PERSONAL SERVICE BY:  Clerk of the Court:  _____

cc:  INS  District  Counsel/  General  AttorneyOcc:  Alien  or  Alien's
Attorney/Authorized Representative.

L002

UNITED STATE DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
IMMIGRATION COURT
SEATTLE, WA


*S-BOOT, VET
C/O TANA WOOD — SUPERINTENDENT
W.S.P.      PO BOX 520
WALLA WALLA, WA  99362
INMATE NO:  737154

NOTICE OF HEARING IN DEPORTATION PROCEEDINGS

DATE OF NOTICE:  Nov 6, 1995
FILE: A27-290-441


You are hereby notified that a hearing in this case is scheduled
before an Immigration Judge on
Dec 7, 1995           at  8:00 A.M. at the

WASHINGTON DEPARTMENT OF CORRECTIONS
WASHINGTON STATE PENITENTIARY
WALLA WALLA, WA  99362

You may be represented in this proceeding at no expense to the Federal
Government by an attorney or other individual authorized to represent
persons in these proceedings.  Your attorney or representative should appear
with you at the scheduled hearing.  Enclosed with this notice is a
Form EOIR 28, "Notice of Entry of Appearance as Attorney or Representative",
which your attorney or representative must present at the hearing, or
preferably, file in advance with the

OFFICE OF THE IMMIGRATION JUDGE
1000 SECOND AVENUE, SUITE 2500
SEATTLE, WA  98104

Also enclosed with this notice are the name(s), address(es) and
telephone number(s) of legal organization(s) which can be contacted
for free legal assistance by individuals who qualify.

ANYONE EXPECTING TO ENTER THE FACILITY IN ORDER TO APPEAR AT THE DEPORTATION
HEARING IS SUBJECT TO CORRECTIONS DEPARTMENT POLICIES AND PROCEDURES REGARDING
CONTACT. SECURITY OFFICER AT THE PRISON MAY INQUIRE AS TO THE NATURE OF THE
FOR FURTHER SPECIFIC INFORMATION ABOUT ENTRY REQUIRED.
FOR INFORMATION REGARDING THE STATUS OF YOUR CASE, CALL TOLL FREE
1-800-898-7180.

Enclosures:  Free legal service information                          2Y
             Form EOIR 28

CDA

Loo J