

CV 03 00289 #00000011

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VET BUOT,

Petitioner,

v

JOHN D ASHCROFT, *et al* ,

Respondents

CASE NO C03-0289L

REPORT AND RECOMMENDATION
RE: INDEFINITE DETENTION

**INTRODUCTION**

Petitioner is a native and citizen of Cambodia who is being detained by the Immigration and Naturalization Service ("INS") pursuant to an order of removal to that country that became final on June 3, 1996 [1] (*See* Dkt. #8 at 3) On February 18, 2003, he filed a Petition for Writ of Habeas Corpus under 28 U S C. § 2241, which challenges, *inter alia*, the constitutional and statutory authority of the INS to detain him any further, due to the unlikelihood of his removal from this country in the reasonably foreseeable future (Dkt #3). His petition is one of several that have been filed in this Court over the last three years that raise the same common legal

[1] Pursuant to the Homeland Security Act of 2002, 116 Stat. 2135, Pub L. 107-296, *codified at* 6 U S C § § 101, *et seq* , alien detention, deportation, and removal functions were transferred from the Department of Justice to the Department of Homeland Security ("DHS") on March 1, 2003. 6 U S C. § 251 (2002) Within the DHS, the former Immigration and Naturalization Service ("INS") was reorganized into three bureaus serving separate functions The BICE is responsible for deportations and investigations Because petitioner's case was filed prior to the reorganization, however, the Court will reference both the INS and the BICE within this R&R.

from this country in the reasonably foreseeable future (Dkt #3) His petition is one of several that have been filed in this Court over the last three years that raise the same common legal issues regarding indefinite detention by the INS

On July 9, 1999, this Court, in a Joint Order involving five "lead" cases, ruled that indefinite detention violated substantive due process *See Phan v Reno*, 56 F Supp 2d 1149 (W D Wash 1999) The Ninth Circuit Court of Appeals in *Ma v Reno*, 208 F 3d 815 (9th Cir 2000) (subsequent history omitted), affirmed the Joint Order, but on different grounds The Court determined that the INS lacked the statutory authority to detain deportable aliens beyond a ninety (90) day removal period if there was no reasonable likelihood of removal in the foreseeable future

In *Zadvydas v Davis*, 121 S Ct 2491 (2001), the United States Supreme Court affirmed *Ma*'s general holding that indefinite detention is unauthorized The Court stated that "in light of the Constitution's demands, an alien's post-removal-period detention [is limited] to a period reasonably necessary to bring about the alien's removal from the United States" *Zadvydas*, 121 S Ct at 2498 The Court, however, adopted a "presumptively reasonable period of detention" of six months *Id* at 2504-05

Petitioner's case falls into the *Ma/Zadvydas* group of indefinite detention cases Having reviewed the entire record, including the habeas petition (Dkt #3), respondents' return and status report and motion to dismiss (Dkt #8), petitioner's response (Dkt #10) and the INS administrative record (Dkt #9), I recommend that the Court GRANT petitioner's habeas petition and order his release immediately, on conditions to be set by the INS Such conditions may include those set forth in 8 C F R § 241 5(a)

**BACKGROUND**

Petitioner Vet Buot was born in Cambodia on February 1, 1969 (Dkt #9 at R018) On November 15, 1983, he entered the United States as a refugee at San Francisco, California

(Dkt #9 at R016 and R018) Petitioner left Cambodia without a passport or any official exit visa issued by the government of Cambodia (Dkt #10 at 3) On June 19, 1986, petitioner adjusted his status to lawful permanent resident, which applied retroactively to his date of entry pursuant to INA § 209 (Dkt #9 at R018 and R026)

On or about May 14, 1995, petitioner was arrested for striking a man in the head with an axe (Dkt #9 at L015-17) On July 7, 1995, petitioner was convicted in King County Superior Court of assault in the first degree (Dkt #9 at L012-14) He was sentenced to 105 months in prison, followed by 24 months of community supervision (Dkt #9 at L09 and L012-14) On July 11, 1995, the INS encountered petitioner at the Washington State Corrections Center in Shelton, Washington, where he was serving his sentence for the assault conviction (Dkt #9 at R018) Petitioner waived his *Miranda* rights by signing a written waiver, and was interviewed by an INS official (Dkt #9 at R014)

On July 25, 1995, the INS issued an Order to Show Cause and Notice of Hearing, alleging removability pursuant to INA § 242, in that petitioner had been convicted of an aggravated felony for which the sentence imposed was one year or greater (Dkt #9 at R025-26)

On December 7, 1995, petitioner's initial removal proceedings were held before a Seattle Immigration Judge ("IJ") at the Washington State Penitentiary in Walla Walla, Washington, while he was still in state custody (Dkt #9 at L001-04) At the proceedings, petitioner admitted the allegations of fact and conceded removability as charged by the INS (*See* Dkt #9 at L022) At the same time, petitioner requested relief from removal pursuant to INA § 212(c) (*See* Dkt #9 at L022) On April 24, 1996, petitioner submitted Form I-191 in support of his request for relief (Dkt #9 at R022-23 and L022)

On May 13, 1996, petitioner's removal proceedings continued in Seattle Immigration Court (Dkt #9 at L018-23) At that time, the IJ pretermitted petitioner's request for relief under

INA § 212(c), and ordered petitioner removed to Cambodia (Dkt #9 at L026-27) The IJ advised petitioner of his right to appeal to the Board of Immigration Appeals ("BIA") on or before June 3, 1996 (Dkt #9 at L028) Petitioner did not appeal the decision Thus, his order of deportation became administratively final on June 3, 1996 *See* 8 C F R § 241 1(b)

On July 19, 1996, while petitioner was still serving his state sentence, the INS requested travel documents from the Consulate General of Cambodia (Dkt #9 at L029) On August 5, 1996, the Cambodian government notified the INS that it was not authorized to issue travel documents for petitioner (Dkt #9 at L030) No further attempts to obtain travel documents were made at that time

After petitioner completed his state sentence, he was taken into INS custody on October 17, 2002 (*See* Dkt #9 at L033) Petitioner was notified by letter dated December 17, 2002, that his custody status would be reviewed on or about January 15, 2003 (Dkt #9 at R033) The notice letter also advised petitioner that he could submit any documentation in support of his release from custody (Dkt #9 at R033) Apparently, petitioner chose not to do so (*See* Dkt #9 at R035)

On February 4, 2003, the INS conducted a custody status review of petitioner (Dkt #9 at R039) On the same date, the INS issued its decision to continue petitioner's detention (Dkt #9 at R041) Petitioner was advised that control of his custody case would be transferred to the INS Headquarters Post Order Detention Unit ("HQPDU") for further review (Dkt #9 at R041)

On February 7, 2003, the INS made its second request for travel documents to the Consulate General of Cambodia (Dkt #9 at R030-31) Although the United States and Cambodia currently have a signed repatriation agreement (*see* Dkt #8, Exhibit A), the Cambodian government has not responded to the INS request for travel documents as of this date (Dkt #8 at 4)

Petitioner filed the instant habeas petition on February 10, 2003 (Dkt #3) On February

28, 2003, the HQPDU conducted a custody status review of petitioner and issued its decision to continue petitioner's detention, based primarily on its belief that Cambodia will actually issue travel documents at some point in the reasonably foreseeable future (Dkt #9 at R043) Respondents filed their return to the petition on March 17, 2003, along with a motion to dismiss (Dkt #8) Petitioner filed a response to the return on March 26, 2003 (Dkt #10) The petition is now ripe for review

**DISCUSSION**

In *Zadvydas*, *supra*, the Supreme Court held that the applicable INS post-final removal order detention statute, 8 U S C § 1231(a)(6), when "read in light of the Constitution's demands, limit[ed] an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States " *Zadvydas*, 121 S Ct at 2498 The Court stated that a "habeas court must [first] ask whether the detention in question exceeds a period reasonably necessary to secure removal " *Id* at 2504 If a petitioner's removal is not reasonably foreseeable, "the court should hold continued detention unreasonable and no longer authorized by statute " *Id*

In determining what is a reasonable removal period, the Court adopted "for the sake of uniform administration in the federal courts," *id* at 2505, a "presumptively reasonable period of detention" of six months *Id* at 2504 "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing " *Id*

As to what counts as "the reasonably foreseeable future," the Court stated that as the period of confinement grows, the period that is "the reasonably foreseeable future" must shrink *Id* As to the meaning of the phrase "significant likelihood of removal," the Court rejected the Fifth Circuit's requirement that a detainee show *no* likelihood of removal, and also rejected the Ninth Circuit's apparent reliance on the lack of a repatriation agreement to meet the standard

*Id* Instead of either of these approaches, the Court suggested that a particularized inquiry is required in each case, and further counseled that a habeas court should "listen with care" when the executive branch's foreign policy expertise is involved *Id*

Respondents argue that petitioner has failed to meet his burden of showing that it is unlikely the INS will be able to effect his removal in the reasonably foreseeable future (Dkt #8 at 5) Respondents support this argument by asserting that "based upon the agreement between the United States and Cambodia, [petitioner]'s repatriation to Cambodia is highly probable "[2] (Dkt #8 at 4) Respondents also assert that it is likely the necessary travel documents will be issued by the Cambodian government in the reasonably foreseeable future "based upon recent success that the INS has had in repatriating Cambodian nationals " (Dkt #8 at 4)

Petitioner recognizes that a repatriation agreement now exists between the United States and Cambodia, but argues that there is no indication that the Cambodian government is likely to issue travel documents in the reasonably foreseeable future (Dkt #10 at 5-6) Petitioner further argues that the removal of an alien to Cambodia could take several months, if not years – given that there are presently over 1,000 Cambodians in the United States with finals orders of removal (Dkt #10 at 6) To support this claim, petitioner notes that Cambodia has never accepted deportees at a rate of greater than 10 per month during the first year of the repatriation agreement (Dkt #10 at 6) Petitioner argues that the current rate of acceptance of deportees "represents a potential backlog of 100 months – over 8 years " (Dkt #10 at 6 n 6)

The Court is persuaded by petitioner's argument Petitioner has shown that, as of this date, the Cambodian government has not responded to the BICE's most recent request for travel documents According to the repatriation agreement, the Cambodian Central Authority is

---

[2] Respondents also argue that petitioner's six-month detention period has not yet expired, and therefore petitioner's detention is lawful (Dkt #8 at 5) While it is true that at the time of filing petitioner had not yet been in custody for six months, he remains in custody as of this date, and will have been detained for six months as of April 17, 2003, approximately the same time that this Report and Recommendation will be ready for review by the District Court

generally supposed to respond to a repatriation request in writing within 30 days of the request (Dkt #8, Exhibit A at 2) More than 60 days has passed since the BICE requested travel documents on February 17, 2003 In addition, respondents have given no indication as to whether any further efforts have been made to obtain travel documents since their initial effort The government's bald statement that petitioner is likely to be removed in the reasonably foreseeable future because there is now a repatriation agreement fails to provide sufficient evidence to rebut petitioner's allegations that removal is not likely in the reasonably foreseeable future To comply with the Supreme Court's instruction in *Zadvydas*, the government must provide a more particularized showing

Moreover, the Court distinguishes petitioner's case from that of a recent petitioner also subject to removal to Cambodia (*See Tan v INS, et al*, Case No C02-0122L) In *Tan*, petitioner had been ordered removed, and the INS had requested travel documents pursuant to the new repatriation agreement Unlike in the current case, however, the Cambodian government responded to the government's request, deciding to interview petitioner Tan with a number of other possible deportees (Case No C02-0122L, Dkt #19 at 2) This Court then determined that

> petitioner's individualized consideration by the Cambodian government, the successful deportation of a number of Cambodian nationals, the relatively short period of time the repatriation has been in effect, and the unsurprising fact that it will take some time to repatriate all of the potential deportees who remain in the country, [demonstrate] there is a reasonable likelihood that petitioner will be repatriated in the reasonably foreseeable future

(Case No C02-0122L, Dkt #19 at 3) Petitioner Tan has since been removed (Case No C02-0122L, Dkt #20)

In the instant action, the Cambodian Central Authority has failed to respond to the INS for more than 60 days (Dkt #8 at 4) There has been no individualized consideration of petitioner's case by the Cambodian government, and respondents have indicated no reasonable time period in which removal is likely to occur Accordingly, I find that petitioner has shown that

there ıs no sıgnıficant lıkelıhood of hıs removal ın the reasonably foreseeable future

Fınally, respondents also suggest that both petıtıoner's crımınal hıstory and hıs faılure to comply wıth prıor court orders grant them the authorıty to detaın hım beyond the removal perıod, pursuant to INA § 241 4(a)(4) (Dkt #8 at 5-6) However, petıtıoner's crımınal hıstory does not factor ınto the *Zadvydas* analysıs In *Zadvydas*, the Court emphasızed that INS proceedıngs are cıvıl, not crımınal, and thus nonpunıtıve ın purpose and effect *Zadvydas*, 121 S Ct at 2499 Therefore, preventıve detentıon based on dangerousness can be upheld "only when lımıted to specıally dangerous ındıvıduals and subject to strong procedural protectıons " *Id* The Court explaıned that when preventıve detentıon is of potentıally ındefinıte duratıon, as petıtıoner alleges here, the dangerousness ratıonale must be accompanıed by some other specıal cırcumstance *Id* The Court noted that "once the flight rısk justıficatıon evaporates, the only specıal cırcumstance present ıs the alıen's removable status ıtself, whıch bears no relatıon to a detaınee's dangerousness " *Id* Whıle thıs Court acknowledges the serıousness of petıtıoner's assault convıctıon, ıt appears that the Supreme Court would not consıder petıtıoner's crımınal hıstory, wıthout more, to be the sole basıs for hıs contınued detentıon Therefore, the Court ıs not persuaded by respondents' argument

**CONCLUSION**

Based on the foregoıng, the Court should GRANT petıtıoner's Petıtıon for Wrıt of Habeas Corpus and should order petıtıoner's release on condıtıons Such condıtıons may ınclude

those set forth in 8 C F R § 241 5(a) A proposed order accompanies this Report and Recommendation [3]

DATED this 21 day of April, 2003

RICARDO S MARTINEZ
United States Magistrate Judge

[3] In light of the nature of the case, and the court's direction to expedite it in every way possible, this court has shortened the usual time for objections and other responses to this Report and Recommendation (*See* cover letter attached to this Report and Recommendation)

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

CHAMBERS OF
**RICARDO S. MARTINEZ**
UNITED STATES MAGISTRATE JUDGE

UNITED STATES COURTHOUSE
1010 FIFTH AVE
SEATTLE, WA 98104
(206) 553-1396

April 21, 2003

TO Jay Warren Stansell, Counsel for Petitioner
Christopher L Pickrell, Counsel for Respondent

FILED ENTERED
LODGED RECEIVED
APR 21 2003
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

FROM RICARDO S MARTINEZ
U.S. Magistrate Judge

RE Buot v Ashcroft, et al
Case No C03-289L

Enclosed are copies of my Report and Recommendation and proposed order and proposed judgment in the above-captioned case The originals are being filed with the Clerk This Report and Recommendation is not an appealable order Any notice of appeal should not be filed until the District Judge enters judgment in this case

*Because the court has ordered expedited consideration of these cases, we are directing responses to the Report and Recommendation more quickly than would otherwise be provided under the rules* Objections to the recommendation should be filed and served within seven calendar days of the date of this letter with copies to the Clerk for forwarding to the District Judge and to my office. You should note your objections for consideration on the Judge's motion calendar for the second Friday after they are filed If no timely objections are filed, the matter will be ready for consideration by the District Judge on May 2, 2003.

Thank you for your cooperation

Attachments
RSM/csm

cc. Hon Robert S Lasnik

FILED
LODGED
ENTERED
RECEIVED
APR 21 2003
AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VET BUOT,<br>Petitioner,<br>v<br>JOHN D ASHCROFT, *et al*,<br>Respondents | CASE NO C03-0289L<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

The Court, having reviewed the Petition for Writ of Habeas Corpus, the Report and Recommendation of the Honorable Ricardo S Martinez, United States Magistrate Judge, and any objections or responses to that, and the remaining record, finds and Orders as follows

(1) The Court adopts the Report and Recommendation,

(2) The Court finds that petitioner's detention after the expiration of the six-month period is statutorily unauthorized under *Zadvydas v Davis*, 121 S Ct 2491 (2001),

(3) Respondents' Motion to Dismiss (Dkt #8) is DENIED,

(4) The Petition for Writ of Habeas Corpus (Dkt #3) is GRANTED;

(5) Petitioner shall be released from INS custody within two business days after entry

of this Order, on conditions set by the INS which may include those set forth in 8 C F R § 241 5(a), and

(6) The Clerk shall send a copy of this Order to all counsel of record, and to the Honorable Ricardo S Martinez

DATED this _____ day of ________________, 2003

ROBERT S LASNIK
United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VET BUOT,<br>Petitioner,<br>v<br>JOHN D ASHCROFT, et al ,<br>Respondent. | CASE NO C03-289L<br>JUDGMENT IN A CIVIL ACTION |

☐ **Jury Verdict.** This action came before the Court for a trial by jury The issues have been tried and the jury has rendered its verdict

[X] **Decision by the Court.** This action came under consideration before the Court The issues have been considered and a decision has been rendered

**IT IS ORDERED AND ADJUDGED** the Report and Recommendation is adopted and approved and the petition for Writ of Habeas Corpus is GRANTED

Date: ____________

Bruce Rifkin
Clerk of Court

______________________
(by) Deputy Clerk